**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MINDEN PICTURES, INC., | Civil Action No.: 1:22-cv-04069 (RA) (GWG) |
| Plaintiff, | **ORAL ARGUMENT IS** |
| | **REQUESTED IF MOTION IS OPPOSED** |
| vs. | |
| COMPLEX MEDIA, INC., | |
| Defendant. | |

**DEFENDANT, COMPLEX MEDIA, INC.'S MEMORANDUM OF LAW IN SUPPORT**
**OF ITS MOTION TO DISMISS THE COMPLAINT**

Nancy A. Del Pizzo
Nancy.delpizzo@rivkin.com
Ana Parikh
Ana.parikh@rivkin.com
**RIVKIN RADLER LLP**
25 Main Street
Court Plaza North
Hackensack, New Jersey 07601
(201) 287-2460 (T)
(201) 489-0495 (F)

 - and-

477 Madison Avenue
New York, New York 10022
(212) 455-9555 (T)
(212) 687-9044 (F)

*Attorneys for Defendant,*
*Complex Media, Inc.*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY.................... 1

LEGAL ARGUMENT........................................................... 3

    I.       THIS COPYRIGHT ACTION IS TIME-BARRED........................ 5

        A.  Copyright Actions Must Be Filed Within Three Years ......................... 5

        B.  This Court Barred All Pre-2015 Infringements Alleged By This
            Identical Plaintiff .................................................... 6

        C.  After The U.S. Supreme Court's Decision In *Rotkiske*, There Is No Discovery
            Rule .................................................................. 8

    II.      IN THE ALTERNATIVE, PLAINTIFF IS NOT ENTITLED TO RECOVER
          ATTORNEYS' FEES OR STATUTORY DAMAGES............................ 11

CONCLUSION.................................................................... 12

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*5-Star Mgt., Inc. v. Rogers*,
  940 F.Supp.512 (E.D.N.Y. 1996) ........................................................................4

*Baron A. Wolman Archives Trust v. BuzzFeed, Inc.*,
  2022 WL 719633 (S.D.N.Y. March 10, 2022) ........................................................9

*Baron A. Wolman Archives Trust v. Complex Media, Inc.*,
  2022 WL 523597 (Feb. 22, 2022)...........................................................................9

*Brass v. Am. Film Tech., Inc.*
  987 F.2d 142 (2d Cir. 1993).....................................................................................4

*Bray v. Purple Eagle Ent'mt, Inc.*,
  No. 18-cv-5205, 2019 WL 549137 (S.D.N.Y. Feb. 12, 2019) .................................5

*BWP Media USA, Inc. v. Gossip Cop Media, LLC*,
  87 F.Supp.3d 499 (S.D.N.Y. 2015) .........................................................................4

*Chase v. Cassiar Mining Corp.*,
  622 F. Supp. 1027 (N.D.N.Y. 1985)........................................................................8

*Cleveland v. Caplaw Enter.*,
  448 F.3d 518 (2d Cir. 2006).....................................................................................3

*D.C. Comics, Inc. v. Mini Gift Shop*,
  912 F.2d 29 (2d Cir. 1990).......................................................................................7

*Everly v Everly*,
  958 F.3d 442 (6th Cir. 2020) .................................................................................10

*Finn v. Barney*,
  471 Fed. Appx. 30 (2d Cir. 2012) ............................................................................4

*Fischer v. Forrest*,
  No. 14-cv-1304 (PAE) (AJP), 2017 WL 128705 (S.D.N.Y. Jan. 13, 2017)...........11

*Grecco Prods., Inc. v. BDG Media Inc.*,
  No. 19-cv-4716, D.E. 45 (C.D. Cal. Feb. 26, 2020) ................................................7

*Harris v. Mills*,
  572 F.3d 66 (2d Cir. 2009)........................................................................................4

*Jose Luis Pelaez, Inc. v. McGraw-Hill Global Educ. Holdings LLC*,
    399 F.Supp.3d 120 (S.D.N.Y. 2019)............................................................11

*Kronisch v. U.S.*,
    150 F.3d 112 (2d Cir. 1998).....................................................................6

*Merck & Co. v Reynolds*,
    559 U.S. 633 (2010)..............................................................................6

*Michael Grecco Prods., Inc. v Ziff Davis, LLC*,
    No. 2:19-cv-4766, D.E. 34 (C.D. Cal. Nov. 18, 2019) ............................7

*Minden Pictures, Inc. v. BuzzFeed, Inc.*,
    390 F.Supp.3d 461 (S.D.N.Y. 2019)....................................2, 3, 5, 6, 7, 8

*Papazian v. Sony Music Entm't*,
    No. 16-cv-07911, 2017 WL 4339662 (S.D.N.Y. Sept. 28, 2017) .........11

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
    602 F.3d 57 (2d Cir. 2010)......................................................................4

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
    572 U.S. 663 (2014)..........................................................................11, 12

*PK Music Performance, Inc. v. Timberlake*,
    No. 16-cv-1215, 2018 WL 4759737 (S.D.N.Y. Sept. 30, 2018) .............4

*Psihoyos v. John Wiley & Sons, Inc.*,
    748 F.3d 120 (2d Cir. 2014)..................................................................5, 7

*Rothman v. Gregor*,
    220 F.3d 81 (2d Cir. 2000)......................................................................4

*Rotkiske v. Klemm*,
    140 S.Ct. 355 (2019) ...................................................................8, 9, 10, 11

*Sewell v. Bernardin*,
    795 F.3d 337 (2d Cir. 2015).....................................................................4

*Sohm v. Scholastic Inc.*,
    959 F.3d 39 (2nd Cir. 2020)........................................................9, 10, 12

*Thompson v. Metropolitan Life Ins. Co.*,
    149 F.Supp.2d 38 (S.D.N.Y. 2001) .....................................................6, 7

*Trachtenberg v. Dep't of Educ.*,
    937 F.Supp.2d 460 (S.D.N.Y. 2013).......................................................3

*Wolstenholme v. Hirst*,
    271 F.Supp.3d 625 (S.D.N.Y. 2017)..............................................................................1

*Wu v. John Wiley & Sons, Inc.*,
    No. 14-cv-6746, 2015 WL 5254885 (S.D.N.Y. Sept. 10, 2015) .............................................11

**Federal Statutes**

12 U.S.C. § 3416..............................................................................................................10

15 U.S.C. § 1679..............................................................................................................10

17 U.S.C. § 504................................................................................................................5

**Federal Rules**

Fed. R. Civ. P. 12..............................................................................................1, 3, 5, 12

## PRELIMINARY STATEMENT

Defendant, Complex Media, Inc. ("Complex Media"), respectfully submits this memorandum in support of its motion to dismiss the Complaint filed by plaintiff, Minden Pictures, Inc. ("Plaintiff" or "Minden") pursuant to Fed. R. Civ. P. 12(b), or in the alternative, for summary judgment under Fed. R. Civ. P. 12(d).

Plaintiff's claim is barred for several reasons: 1. A reported decision by this Court has already held that this identical Plaintiff's claims of copyright infringement for alleged works infringed on the internet prior to 2015 are time-barred because Minden Pictures is a sophisticated litigant that knew or should have known of infringements occurring before 2015; and, 2. The claim is barred based on the three-year statute of limitations. Thus, on the face of this Complaint, there is simply no basis for Plaintiff's lawsuit against Complex Media to move forward. Nor is there a basis for additional amendment, which would be futile.

In the alternative, Complex Media asks that the Court enter an Order holding that Plaintiff is not entitled to attorneys' fees and costs and/or statutory damages, even if it proves liability for this alleged 2012 infringement.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY[1]

On May 18, 2022, plaintiff, Minden Pictures, Inc. ("Plaintiff" or "Minden") filed a Complaint against Complex Media, Inc. ("Defendant" or "Complex Media"), alleging one count of copyright infringement. (D.E.1). Plaintiff alleged that the alleged infringement occurred at www.complex.com as shown by "screenshots of which are attached as Exhibit C." (D.E. 1, ¶14). Plaintiff failed to file Exhibit C to the Complaint. (*See id*.). Plaintiff served Complex Media with

[1] Defendant accepts the facts in the Complaint as true only for purposes of this motion. *See Wolstenholme v. Hirst*, 271 F.Supp.3d 625, 633 (S.D.N.Y. 2017).

its full Complaint, including Exhibit C on or about May 24, 2022. (D.E. 1; *see also*, Declaration of Nancy A. Del Pizzo ("Del Pizzo Decl."), Exhibit 1, Complaint with Exs. A, B and C).

As shown by Exhibit C to the Complaint, the alleged infringement occurred in July of 2012. (*See id*). Nowhere in the Complaint does Plaintiff state when it allegedly first learned of the alleged 2012 infringement. (*See id*).

Plaintiff alleges that he registered the alleged infringed photograph on December 23, 2008, Registration No.: VA 1-723-899. (*Id*. at Exhibit 1, Ex. B, registration certificate). Plaintiff purportedly included in its copyright application 140 photographs purportedly first published on December 15, 2003. (*Id*. at Exhibit 1, Ex. B, application). There are two photographs in the application with the word "lemur" in the title. (*See id*). On the application, the copyright claimant stated that it was including in the application "some previously published photos." (*See id.*). When the U.S. Copyright Office registered the work, it excluded "any previously published photographs." (*Id*. at Exhibit 1, Ex. B, registration).[2]

Plaintiff wrongfully alleges that it is entitled to statutory damages and attorneys' fees and costs. (*Id*. at Exhibit 1, ¶¶ 27, 28, see also "Prayer For Relief"). It is not entitled to either, if there were liability, which there is not.

Prior to filing this action against Complex Media, Minden had filed more than ninety-five (95) copyright infringement lawsuits since 2012. (*Id*. at Del Pizzo Decl., ¶ 3, Exhibit 2). These include a case it filed against Complex Media's parent company, BuzzFeed, Inc., in 2019. *Minden Pictures, Inc. v. BuzzFeed, Inc*., 390 F.Supp.3d 461, 467 (S.D.N.Y. 2019). In that reported decision, this Court held that this plaintiff, Minden Pictures, is time-barred from alleging copyright infringement for any works alleged to have been infringed on the internet prior to 2015 because

---

[2] Accordingly, the alleged infringed photograph may have been excluded from this registration.

Minden Pictures is a sophisticated copyright litigant that knew or should have known of pre-2015 infringements within the three-year statute of limitations. *Minden Pictures, Inc. v. BuzzFeed*, 390 F.Supp.3d at 467.

Indeed, this Plaintiff has been filing lawsuits over photographs published online on behalf of the same photographer as here, Gerry Ellis, since at least 2012. *See, e.g., Minden Pictures, Inc. v. John Wiley & Sons, Inc., 3:12-cv-04601 (N.D.Cal. Sept. 4, 2012)*; (*see also* Del Pizzo Decl., ¶ 4). Some of the lawsuits that were filed more than three years prior to this Complaint included alleged infringement of photographs purportedly taken by Gerry Ellis. (Del Pizzo Decl., ¶ 4). These include: 3:12-cv-04601 (N. D. Cal. Sept. 4, 2012), 2:13-cv-03176 (D.N.J., May 20, 2013), 3:13-cv-03246 (N.D. Cal. July 12, 2013), 1:17-cv-09079 (S.D.N.Y. Nov. 20, 2017), and 1:18-cv-04342 (E.D.N.Y. Aug. 1, 2018). (*Id*.). Also, according to the publicly availably records of the U.S. Copyright Office, located at www.copyright.gov, Minden is well aware of Mr. Ellis's photography collection as it has filed copyright registrations on his behalf from at least the year 2000 through 2017, including eleven additional copyright registrations apart from the one at issue in this action. (*Id*. at ¶ 5, Exhibit 3).

Plaintiff alleges it is the exclusive licensee of Gerry Ellis's works.  (Del Pizzo Decl., Ex. 1, ¶ 9).

## LEGAL ARGUMENT

The standard of review for a Fed. R. Civ. P. 12(b) motion is whether plaintiff failed to state a claim. *Cleveland v. Caplaw Enter*., 448 F.3d 518, 521 (2d Cir. 2006).  Thus, the Court will review the complaint and determine if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Trachtenberg v. Dep't of Educ*., 937 F.Supp.2d 460, 465 (S.D.N.Y. 2013).  However, the "tenet" that claims on their face are accepted as true "is

inapplicable to legal conclusions and threadbare recitals of the elements of a cause of action . . ." *Harris v. Mills*, 572 F.3d 66 (2d Cir. 2009).

Further, this Court is empowered to consider "documents attached to the complaint as an exhibit or incorporated by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *See Brass v. Am. Film Tech., Inc.* 987 F.2d 142, 150 (2d Cir. 1993). Moreover, the Second Circuit "has endorsed the resolution of other copyright questions at the pleadings stage by analyzing the complaint and incorporating by reference the documents referred to therein." *BWP Media USA, Inc. v. Gossip Cop Media, LLC*, 87 F.Supp.3d 499, (S.D.N.Y. 2015) (citing *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63-65 (2d Cir. 2010)).

"A court may dismiss a copyright infringement claim on statute of limitations grounds at the pleadings stage where 'it is clear from the face of the complaint, and matters of which the court may take judicial notice, that plaintiff's claims are barred as a matter of law." *PK Music Performance, Inc. v. Timberlake*, No. 16-cv-1215, 2018 WL 4759737, at *7 (S.D.N.Y. Sept. 30, 2018) (quoting *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015)).

For purposes of a copyright action, "the works themselves superseded and control contrary descriptions of them, including any contrary allegations, conclusions or descriptions of the works contained in the pleadings." *Gaito*, 602 F.3d at 64.  Further, this Court can take judicial notice of the documents Plaintiff publicly filed in other actions, such as his complaints and the exhibits attached thereto.  *See Finn v. Barney,* 471 Fed. Appx. 30, 32 (2d Cir. 2012); *see also, Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of another complaint "as a public record"); *see also 5-Star Mgt., Inc. v. Rogers*, 940 F.Supp.512, 518 (E.D.N.Y. 1996) (taking judicial notice of pleadings in other lawsuits attached to defendants' motion to dismiss).

Finally, this Court has, under Fed. R. Civ. P. 12, dismissed claims alleged by this identical plaintiff, Minden Pictures, holding that all copyright infringement claims by Minden Pictures for all alleged infringements of photographs appearing on the internet before 2015 are time-barred. That ruling was based on the finding that Minden Pictures is a seasoned litigator, having filed 36 lawsuits prior to 2019 to protect its copyrights, and thus, should have discovered with the exercise of due diligence, that its copyright was being infringed "within the statutory time period ." *Minden Pictures, Inc. v. BuzzFeed, Inc.*, 390 F.Supp.3d 461, 467 (S.D.N.Y. 2019). Thus, any copyright infringement claims asserted by Minden Pictures for alleged infringements published on the internet prior to 2015 should be collaterally estopped and/or barred by the doctrine of res judicata.[3]

In the alternative to FRCP 12(b), we ask the Court to convert this motion to dismiss into a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d) and dismiss the Complaint in its entirety on that basis. *See Bray v. Purple Eagle Ent'mt, Inc*., No. 18-cv-5205, 2019 WL 549137, at *1 (S.D.N.Y. Feb. 12, 2019).

## I.      THIS COPYRIGHT ACTION IS TIME-BARRED

### A.  Copyright Actions Must Be Filed Within Three Years

There is a three-year statute of limitations for copyright infringement claims. *See, e.g., Psihoyos v. John Wiley & Sons, Inc*., 748 F.3d 120, 124 (2d Cir. 2014); *see* 17 U.S.C. § 504(b) (copyright infringement actions must be filed within three years after claim accrued).  Plaintiff filed this lawsuit on May 18, 2022 and alleges the infringement occurred in an article published in

---

[3] This would be a classic case of collateral estoppel and/or res judicata except that Plaintiff did not have appeal as of right in *Minden v. BuzzFeed*.  There, Minden filed a motion for reconsideration, which it lost, and subsequently settled its post 2015 claims instead of seeking interlocutory appeal of the dismissal of pre-2015 claims. Nonetheless, with same factual bases here, this Court should dismiss these claims as it did in *Minden v. BuzzFeed*.

July of 2012. (Del Pizzo Decl.. Ex.1, Ex. C to Complaint). Thus, the claim is nearly ten years old, and is therefore, time-barred.

### B. This Court Barred All Pre-2015 Infringements Alleged By This Identical Plaintiff

Complex Media argues that there is no longer a discovery rule in copyright cases (see Point IV. C., *supra*), but even if there were, Plaintiff failed to state anywhere in the Complaint when it purportedly first learned of the alleged infringement. Thus, as stated above, the claim is time-barred. Notwithstanding the foregoing, the claim also is time-barred because this Court held that, in a case where the discovery rule still existed, this identical Plaintiff, Minden Pictures, Inc., *should have learned* of alleged copyright infringements that occurred before 2015, and is otherwise, time-barred from asserting claims for pre-2015 alleged infringements. *Minden v. BuzzFeed*, 390 F.Supp.3d at 467 (quoting *Kronisch v. U.S.*, 150 F.3d 112, 121 (2d Cir. 1998)).

Specifically, this Court stated that to determine the time when "discovery" *should have occurred*, courts analyze whether a plaintiff was on "inquiry notice" or whether there were "storm warnings" to point to a time that would have prompted a reasonably diligent plaintiff to investigate. *Id*. (citing *Merck & Co. v Reynolds*, 559 U.S. 633, 653 (2010)). For the discovery rule to be applied, Plaintiff must show reasonable diligence. *See id*. The plaintiff need not know "every permutation of their injury – they simply need to have a suspicion of the injury and its cause to be put on inquiry notice." *Id*. "The test is not whether a plaintiff could have learned of their injury; rather, it is whether, with the application of reasonable diligence, they should have known of their injury." *Id*. (citing *Thompson*, 149 F.Supp.2d at 48.

The Court then held that Minden Pictures is a sophisticated copyright infringement litigant that should have known of all alleged infringements of their works on the internet prior to 2015. *Minden*, 390 F.Supp.3d at 467 (dismissing as time-barred photographs that were published online

6

prior to 2015 because "a reasonable copyright holder in Minden Pictures' position – that is, a seasoned litigator that has filed 36 lawsuits to protect its copyrights, beginning as early as July of 2010 – should have discovered, with the exercise of due diligence, that its copyright was being infringed within the statutory time period) (citing *D.C. Comics, Inc. v. Mini Gift Shop*, 912 F.2d 29, 35-36 (2d Cir. 1990) (considering the relative sophistication of plaintiff); *see also Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124 (2d Cir. 2014) (discovery rule).[4]

In that action, Minden filed a copyright claim against Complex Media's parent company, BuzzFeed, Inc., over pre- and post- 2015 alleged infringed photographs. As for the pre-2015 photographs, this Court analyzed whether a reasonable copyright holder in Minden's position "should have discovered, with the exercise of due diligence, that its copyright was being infringed within the statutory time period." *Minden*, 390 F.Supp.3d at 467. At the time Minden filed that case against Buzzfeed in early 2019, Minden had already filed 36 copyright suits dating back to July 2010. *Id*. That number is now up to more than 95 actions.

As such, this Court held that this Plaintiff is "a seasoned litigator. . . [that] should have discovered, with the exercise of due diligence, that its copyright was being infringed within the statutory time period." *Id*. Further clarifying its holding, this Court noted that the "test is not whether a plaintiff could have learned of their injury; rather, it is whether, with the application of reasonable diligence, they should have known of their injury." *Id*. (citing *Thompson v.*

---

[4] The *Minden v. BuzzFeed* decision is on par with other courts that have addressed the issue of sophisticated copyright claimants and the longstanding availability of reverse image lookup services. *See Michael Grecco Prods., Inc. v Ziff Davis, LLC*, No.19-cv-4766, D.E. 34 at 2 (C.D. Cal. Nov. 18, 2019) (holding claims barred where plaintiff is a sophisticated litigant, having filed 46 copyright infringement complaints in California, and noting that reverse image searching had been available at least since 2011); *see also Grecco Prods., Inc. v. BDG Media Inc*., No. 19-cv-4716, D.E. 45 at p. 7 (C.D. Cal. Feb. 26, 2020) (dismissing complaint and noting that "generic facts about the difficulties of detecting infringement is not enough to show that the delayed discovery rule should be applied to plaintiff's discovery of the . . . photo articles.").

*Metropolitan Life Ins. Co.*, 149 F.Supp.2d 38, 48 (S.D.N.Y. 2001).  This Court then dismissed as time-barred 24 photographs of Minden that were posted online prior to March 19, 2015.  *Id*.  Thus, the issue of whether Minden Pictures is entitled to allege copyright infringement of photographs posted to news websites on the internet before 2015 has already been decided by this court.  This particular plaintiff, Minden Pictures, is barred from asserting such claims. *Minden*, 390 F.Supp.3d at 467.  Thus, regardless of when Plaintiff now claims it learned of the alleged infringements, the Complaint must be dismissed because Plaintiff *should have known* of them prior to 2015 when the three-year statute of limitations expired.

Indeed, in addition to Minden having now filed more than 95 copyright infringement lawsuits, it has filed multiple copyright infringement lawsuits on behalf of Gerry Ellis more than three years prior to this lawsuit (since at least 2012).  (Del Pizzo Decl., ¶ 4). Further, Minden is well aware of Mr. Ellis's photography collection as it has filed copyright registrations on his behalf from at least the year 2000 through 2017, including eleven additional copyright registrations apart from the one at issue in this action. (*Id*. at ¶ 4, Exhibit 3).

It also bears noting that *Minden v. BuzzFeed* is consistent with the goals of the statute of limitations— to protect against loss of evidence and provide repose for defendants. This is particularly relevant here where the alleged infringements occurred nearly a decade ago. Relevant contemporaneous evidence is long gone. *See Chase v. Cassiar Mining Corp.*, 622 F. Supp. 1027, 1029 (N.D.N.Y. 1985).

### C.  After The U.S. Supreme Court's Decision In *Rotkiske*, There Is No Discovery Rule

Complex Media respectfully submits the claim also is time-barred under the U.S. Supreme Court's decision in *Rotkiske v. Klemm*, 140 S.Ct. 355 (2019) (holding that a judicially created discovery rule [as there is with respect to the Copyright Act] is a "bad wine of recent vintage" that

cannot be applied where Congress has not expressly provided for it because "Congress has enacted statutes that expressly . . . set[] limitations periods to run from the date on which the violation occurs or the date of such discovery."). *Rotkiske*, together with a more recent Second Circuit decision, *Sohm v. Scholastic Inc.*, 959 F.3d 39 (2nd Cir. 2020), renders the discovery rule wholly inapplicable in copyright infringement cases *absent a claim of fraud*. There is no claim of fraud here.

Complex Media recognizes that a handful of unreported but recent decisions by this Court have held that the discovery rule remains under *Sohm*. *See Baron A. Wolman Archives Trust v. Complex Media, Inc.*, 2022 WL 523597, at *3 (Feb. 22, 2022); *see Baron A. Wolman Archives Trust v. BuzzFeed, Inc.*, 2022 WL 719633, at *2 (S.D.N.Y. March 10, 2022). Those decisions, however, do not address the breadth of the decision in *Rotkiske* nor the fact that *Sohm* did not have the benefit of briefing or argument on *Rotkiske* decision since *Rotkiske* had not been decided during the briefing and argument phase of *Sohm*. In other words, *Sohm* was briefed and argued before the U.S. Supreme Court decided *Rotkiske*. Moreover, in *Wolman v. Complex Media* and *Wolman v. BuzzFeed*, the Court stated that *Sohm* reaffirmed the discovery rule regardless of *Rotkiske*, but in the cited pages of *Sohm*, where the Second Circuit appears to reaffirm the discovery rule, it bases its holding on cases that preceded *Rotkiske*. *Sohm*, 959 F.3d at 49-50.  In fact, *Rotkiske* is barely mentioned in *Sohm*, and only in footnote 2, which appears to err in suggesting that plaintiff Scholastic argued *Rotkiske* – this is an apparent error because *Rotkiske* was decided on December 10, 2019, and *Sohm* was argued on June 14, 2019, making it impossible for counsel to have argued the *Rotkiske* decision at oral argument in *Sohm*.

Further, the U.S. Supreme Court's reasoning applied generally to <u>any</u> statute that does not include a discovery rule, not just the Fair Debt Collection Practices Act.  *See Rotkiske*, 140 S.Ct.

at 360-61. ("A textual judicial supplementation is particularly inappropriate when, as here, Congress has shown that it knows how to adopt the omitted language or provision. Congress has enacted <u>statutes</u> that expressly include the language *Rotkiske* asks us to read in, setting limitations periods to run from the date on which the violation occurs *or the date of discovery of such violation* (citing 12 U.S.C. § 3416 and 15 U.S.C. § 1679i and stating that "it is not our role to second-guess Congress' decision to include a 'violation occurs' provision, rather than a discovery provision…") (underline emphasis added). The U.S. Copyright Act does not include a discovery rule. Thus, if Congress wanted one, it could have required one, and since it did not, there is no discovery rule for copyright matters. *See id.*

Of note, the U.S. Supreme Court in *Rotkiske* discussed statutory construction generally, including where a statute refers to "accrual" as the U.S. Copyright Act does, as opposed to "occurrence," and specified that accrual means the same as occurrence. *See Rotkiske*, 140 S.Ct. at 360 (noting that when "there are two plausible constructions of a statute of limitations," it is "the construction that starts the time limit running when the cause of action . . . accrues" that should be adopted, not when a plaintiff first discovered the claim); *see also Everly v Everly*, 958 F.3d 442, 461 (6th Cir. 2020) (J. Murphy, concurring) (finding *Rotkiske* plainly ends the discovery rule in copyright cases, noting that the U.S. Supreme Court has "twice cautioned that it has not passed on the question.").

Thus, *Rotkiske* forecloses the discovery rule in copyright cases. And under the facts in *Sohm* (specifically that there was a fraud claim there), *Sohm* remains aligned with the Supreme Court in *Rotkiske* because the High Court still recognizes a fraud-specific discovery rule even in cases where Congress has not statutorily mandated it. *Rotkiske*, 140 S.Ct. at 361. There is no claim of fraud here. Thus, there is no discovery rule, and this claim is time-barred.

## II.  IN THE ALTERNATIVE, PLAINTIFF IS NOT ENTITLED TO RECOVER ATTORNEYS' FEES OR STATUTORY DAMAGES

Alternatively, even if the Complaint is not barred on the above grounds, Plaintiff is not entitled to recover attorneys' fees and costs and/or actual or statutory damages since the alleged acts occurred more than three years before it filed this action. This applies regardless of whether a Plaintiff obtained copyright registration prior to the alleged infringement.  To wit, there are two bases barring a plaintiff from recovering statutory damages and attorneys' fees: (1) failing to obtain copyright infringement prior to the alleged infringement, or within three months' of first publication; or (2) failing to file a copyright infringement lawsuit within three years of the alleged infringement. See, e.g., *Fischer v. Forrest*, No. 14-cv-1304 (PAE) (AJP), 2017 WL 128705, at *6–7 (S.D.N.Y. Jan. 13, 2017), *report and recommendation adopted*, No. 14-cv-1304, 2017 WL 1063464 (S.D.N.Y. Mar. 21, 2017) (limiting damages to the three years preceding suit); *Wu v. John Wiley & Sons, Inc.*, No. 14-cv-6746, 2015 WL 5254885, at *4 (S.D.N.Y. Sept. 10, 2015) (same); *see Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 677 (2014) ("Successful plaintiff can gain retrospective relief only three years back from the time of suit. No recovery may be had for infringement in earlier years"); *see also Jose Luis Pelaez, Inc. v. McGraw-Hill Global Educ. Holdings LLC*, 399 F.Supp.3d 120, (S.D.N.Y. 2019) (no recovery of actual or statutory damages based on infringement that occurred more than three years prior to the filing of complaint); *Papazian v. Sony Music Entm't*, No. 16-cv-07911, 2017 WL 4339662, at *6 (S.D.N.Y. Sept. 28, 2017) ("[t]he most straightforward interpretation of *Petrella* ... is that" . . . statutory damages" . . . are not  "permitted for infringing acts occurring more than three years prior to suit"); see also *Sohm*, 959 F.3d at 52 ("Therefore, the three-year limitation on damages was necessary to the result in *Petrella* and thus binding precedent.").

11

This Plaintiff alleges it filed its copyright registration prior to the alleged infringement. Nevertheless, it filed this action more than three years after the alleged infringement. Thus, should this Court allow the claim to move forward (which Complex Media respectfully argues it should not), then Complex Media asks in the alternative for an Order holding that Plaintiff, if it prevailed, is not entitled to attorneys' fees and costs and/or statutory damages.

## **CONCLUSION**

For the foregoing reasons, defendant Complex Media, Inc., respectfully asks the Court to dismiss the Complaint in its entirety for failure to state a claim under Fed. R. Civ. P. 12(b), or for summary judgment under Fed. R. Civ. P. 12(d), or in the alternative, for an Order that Plaintiff, if it prevailed, is not entitled to recover attorneys' fees and/or statutory damages.

Dated:  June 14, 2022

Respectfully submitted,
**RIVKIN RADLER LLP**

By:    s/ Nancy A. Del Pizzo
    Nancy A. Del Pizzo
    nancy.delpizzo@rivkin.com
    Ana Parikh
    Ana.parikh@rivkin.com
    25 Main Street, Suite 501
    Court Plaza North
    Hackensack, New Jersey 07601
    (201) 287-2460 (T)
    (201) 489-0495 (F)

     - and-

    477 Madison Avenue
    New York, New York 10022
    (212) 455-9555 (T)
    (212) 687-9044 (F)

    *Attorneys for Defendant,*
    *Complex Media, Inc.*