R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Minden Pictures, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MINDEN PICTURES, INC., | |
| Plaintiff, | **Case No.: 1:22-cv-04069(RA)** |
| v. | |
| COMPLEX MEDIA, INC., | |
| Defendant. | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

# TABLE OF CONTENTS

ARGUMENT ..................................................................................................................6

Defendant's Infringing Conduct Continued Beyond the Original Posting in 2012, and Continues Even Today. 9

Defendant's Reliance on the *Minden v. Buzzfeed* Decision is Misplaced ............................................11

Defendant's Reliance on the *Rotkiske* decision is Misplaced...........................................................12

FACTUAL BACKGROUND .............................................................................................5

Plaintiff Discovered Defendant's Infringing Use within the Limitations Period....................................8

PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES, COSTS, OR ACTUAL OR STATUTORY

    DAMAGES ...........................................................................................................14

TABLE OF AUTHORITIES............................................................................................3

THE STATUTE OF LIMITATIONS DOES NOT BAR PLAINTIFF'S CLAIMS ...........................................7

THE UNDISPUTED FACTS OF THE FIRST AMENDED COMPLAINT ESTABLISH LIABILITY FOR

    VIOLATING 17 U.S.C. §§ 106, 501 ..................................................................................7

# TABLE OF AUTHORITIES

## Cases

17 U.S.C. § 504(a) ...............................................................................................................13

*APL Microscopic, LLC v. United States*, 144 Fed. Cl. 489 (2019) .......................................9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................5

*Baron A. Wolman Archives Trust v. BuzzFeed, Inc.*, 2022 WL 719633, at *2 (S.D.N.Y. March 10, 2022).......12

*Baron A. Wolman Archives Trust v. Complex Media, Inc.*, 2022 WL 523597, at *3 (S.D.N.Y. Feb. 22, 2022) 12

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).................................................................5

*Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993))......................................5

*Capitol Records, LLC v. ReDigi Inc.*, 934 F.Supp.2d 640, 651 (S.D.N.Y. 2013)....................10

*Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)........................................5

*Cooley v. Penguin Grp. (USA) Inc.*, 31 F. Supp. 3d 599 (S.D.N.Y. 2014) .............................8

*Goldman v. Breitbart News Network, LLC*, 302 F. Supp. 3d 585, 587 (S.D.N.Y. 2018).................10

*H. M. Kolbe Co. v. Armgus Textile Co.*, 315 F.2d 70 (2d Cir. 1963)......................................8

*John Wiley & Sons, Inc. v. Book Dog Books, LLC*, No. 13-cv-816, 2016 WL 3176620 (S.D.N.Y. June 6, 2016) ...................................................................................................................................8

*Jose Luis Pelaez, Inc. v. McGraw-Hill Global Educ. Holdings LLC*, 399 F. Supp. 3d 120, 127 (S.D.N.Y. 2019) ...................................................................................................................................6

*Kopec v. Coughlin*, 922 F.2d 152, 154-55 (2d Cir. 1991 ......................................................5

*Kwan v. Schlein*, 634 F.3d 224 (2d Cir. 2011) ....................................................................7

*Lefkowitz v. McGraw-Hill Global Educ. Holdings, LLC*, 23 F.Supp.3d 344 (S.D.N.Y. 2014) ..........11

*Live Face on Web, LLC v. Smart Move Search, Inc.*, 2017 WL 1064664, at *2 (D.N.J. Mar. 21, 2017) ...........10

*Massachusetts Bay Ins. Co. v. Penny Preville, Inc.*, No. 95 Cvi. 4845, 1996 WL 389266, *10 (S.D.N.Y. July 10, 1996)...................................................................................................................6

*Minden v. Buzzfeed*, 390 F.Supp.3d 461 (S.D.N.Y. 2019)..............................................10, 11

*MyPlayCity, Inc. v. Conduit Ltd.*, 2012 WL 1107648, (S.D.N.Y Mar. 30, 2012)......................10

*Noval Williams Films LLC v. Branca*, No. 14-CV-4711, 2018 WL 389092 (S.D.N.Y. Jan. 11, 2018)...............8

*Ortiz v. Cornetta*, 867 F.2d 146 (2d Cir. 1989).....................................................................11

*Palmer/Kane LLC v. Benchmark Educ. Co. LLC*, No. 18-CV-9369, 2020 WL 85469 (S.D.N.Y. Jan. 6, 2020)..8

*Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1162 (9th Cir. 2007)..........................10

*Petrella v. Metro-Goldwyn-Mayer* 572 U.S. 663 (2014) ...............................................6, 7, 8

*PK Music Performance, Inc. v. Timberlake*, No. 16-cv-1215, 2018 WL 4759737 (S.D.N.Y. Sept. 30, 2018) ....8

*Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007)................................5

*Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120 (2d Cir. 2014) .......................................11

*Ranieri v. Adirondack Dev. Group*, 164 F.Supp.3d 305 (N.D.N.Y. 2016) ..............................8

*Rotkiske v. Klemm*, 140 S. Ct. 355 (2019).........................................................................12

*Rotkiske*, 140 S. Ct. at 360 ................................................................................................13

*Sohm v. Scholastic Inc.*, 959 F.3d 39, 50 (2d Cir. 2020)......................................................12

*Sohm v. Scholastic Inc.*, No. 16-cv-7098 (JPO), 2018 WL 1605214 (S.D.N.Y. Mar. 29, 2018) ......................11

*Steginsky v. Xcelera, Inc.*, 741 F.3d 365 (2d Cir. 2014)........................................................5

*Stone v. Williams*, 970 F.2d 1043 (2d Cir.1992)...................................................................7

*Vassilatos v. Ceram Tech Int'l Ltd.*, 92-cv-4574, 1993 WL 177780, at *5 (S.D.N.Y. May 19, 1993)................5

*Wilson v. Dynatone Publ'g Co.*, 892 F.3d 112 (2d Cir. 2018).................................................8

## Statutes

17 U.S.C. § 101 .................................................................................................................13

17 U.S.C. § 106 ...................................................................................................................7

17 U.S.C. § 505 .................................................................................................................14

17 U.S.C. § 507 ...................................................................................................................7

17 U.S.C. §§ 106, 501 ..........................................................................................................7

**Rules**

Rule 12(b)(6)......................................................................................................................5, 6

Rule 12(d)...........................................................................................................................5

Rule 15(a)...........................................................................................................................5

The plaintiff Minden Pictures, Inc. ("Plaintiff"), by its undersigned attorneys, Rath, Young, and Pignatelli P.C., respectfully submits the following opposition to the motion filed by the defendant Complex Media, Inc. ("Defendant") to dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or for summary judgment under Rule 12(d).

## FACTUAL BACKGROUND

On May 18, 2022, Plaintiff initiated this action by filing its original complaint, which was served on Defendant on May 24, 2022.  *See* ECF Nos. 1, 9.  On June 14, 2022, Defendant moved to dismiss the original complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or for summary judgment under Rule 12(d).  *See* ECF No. 10.  On June 21, 2022, pursuant to Rule 15(a), Plaintiff filed its First Amended Complaint.  *See* ECF No. 16.  On June 22, 2022, Defendant notified the Court of its intent to rely on its previously filed motion to seek dismissal of the First Amended Complaint.  *See* ECF No. 17.

In its motion, Defendant does not dispute the pertinent factual allegations set forth in the First Amended Complaint.  *See* EFC No. 10 *passim*.  In particular, Defendant does not dispute that Plaintiff owns, as an exclusive licensee, the copyrights at issue, a photographic work by the celebrated photographer Gary Ellis, referred to herein as the "Copyrighted Work."  *Id*.  Defendant does not dispute the Copyrighted Work was registered with the United States Copyright Office.  *Id*.  Defendant does not dispute that it reproduced, distributed, and publicly displayed the Copyrighted Work at the website www.complex.com.  *Id*.  Rather Defendant's motion rests wholly on its legal theory that Plaintiff's claims are barred by the statute of limitations and, if the claim is not barred, the three-year statute of limitations serves to bar recovery of attorneys' fees and profits.  *See* ECF No. 11 at 5, 11.[1]  Given there are no factual disputes in this matter, Plaintiff agrees that Defendant's motion

---

[1] Defendant also implies that this Court should fault Plaintiff for the large number of instances in which Plaintiff has sought assistance from the courts when media companies, like Defendant, take Plaintiff's content without a license and

can be decided under Rule 12(d) and that judgment with respect to liability can be appropriately decided on the papers before the Court.

## ARGUMENT

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In deciding a motion to dismiss, a court must "accept[ ] the complaint's factual allegations as true and draw[ ] all reasonable inferences in the plaintiff's favor," *Steginsky v. Xcelera, Inc.*, 741 F.3d 365, 368 (2d Cir. 2014), while not giving "effect to legal conclusions couched as factual allegations." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007).

In addition, the court generally "must limit its analysis to the four corners of the complaint." *Vassilatos v. Ceram Tech Int'l Ltd.*, 92-cv-4574, 1993 WL 177780, at *5 (S.D.N.Y. May 19, 1993) (citing *Kopec v. Coughlin*, 922 F.2d 152, 154-55 (2d Cir. 1991)). It may "consider 'documents attached to the complaint as an exhibit or incorporated in it by reference, matters of which judicial notice may be taken, or documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'" *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal alterations omitted) (quoting *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)). If a document is not incorporated by reference, a court "may nevertheless consider it

---

then, only when caught in the act, offer a nominal fee, thinking that the cost of a lawsuit would prohibit Plaintiff from enforcing its lawful rights. Like infringement is no big deal. But it is big deal. Little infringements like this are to Plaintiff's business—and to its industry—death by a thousand cuts. Fortunately, Congress understood the serious threat of a thousand little infringements and provided in the Copyright Act statutory damages as a means for combatting that threat, providing statutory damages to deter the type of infringement at issue here and to encourage victims like Plaintiff to litigate their infringement claims, even in the face of the prohibitive costs of pursuing such claims in court. *See, e.g., Douglas v. Cunningham*, 294 U.S. 207, 209 (1935).

where the complaint relies heavily upon its terms and effect, which renders the document integral to

the complaint." *Id*. at 153 (internal quotation marks omitted).

## I.   THE UNDISPUTED FACTS OF THE FIRST AMENDED COMPLAINT ESTABLISH LIABILITY FOR VIOLATING 17 U.S.C. §§ 106, 501

Establishing copyright infringement under 17 U.S.C. §§ 106, 501 over a photograph is an

uncomplicated legal analysis that centers on two factual queries: (1) does the plaintiff have ownership

of a valid copyright and (2) did the defendant reproduce, distribute or public display the copyrighted

work.  *See, e.g., Jose Luis Pelaez, Inc. v. McGraw-Hill Global Educ. Holdings LLC*, 399 F. Supp. 3d

120, 127 (S.D.N.Y. 2019) (citing 17 U.S.C. § 106).  Anyone who violates the exclusive rights to

reproduce, distribute or publicly display the copyrighted work is an infringer of those copyrights.  *Id*.

It is important to note that copyright infringement is a strict liability tort.  *Massachusetts Bay Ins. Co.

v. Penny Preville, Inc.*, 1996 WL 389266, *10 (S.D.N.Y. July 10, 1996) ("Because copyright

infringement is a strict liability tort, intent is not a required element.")

Defendant's liability for infringement is firmly established here.  Defendant does not dispute

that Plaintiff has ownership of valid copyrights.  *See* ECF 11 *passim*.  Nor does Defendant dispute

that it reproduced, distributed, and public displayed the Copyrighted Work.  *Id*.

## II.   THE STATUTE OF LIMITATIONS DOES NOT BAR PLAINTIFF'S CLAIMS

The Copyright Act provides that "[n]o civil action shall be maintained under the provisions of

this title unless it is commenced within three years after the claim accrued."  17 U.S.C. § 507(b).  The

Supreme Court has recently addressed the accrual of claims in the copyright context explaining in

*Petrella v. Metro-Goldwyn-Mayer* that:

> It is widely recognized that the separate-accrual rule attends the copyright
> statute of limitations. Under that rule, when a defendant commits
> successive violations, the statute of limitations runs separately from each
> violation. <u>Each time an infringing work is reproduced or distributed, the
> infringer commits a new wrong. Each wrong gives rise to a discrete
> 'claim' that 'accrue[s]' at the time the wrong occurs.</u> In short, each

infringing act starts a new limitations period. Under the Act's three-year provision, an infringement is actionable within three years, and only three years, of its occurrence. And the infringer is insulated from liability for earlier infringements of the same work. Thus, when a defendant has engaged (or is alleged to have engaged) in a series of discrete infringing acts, the copyright holder's suit ordinarily will be timely under § 507(b) with respect to more recent acts of infringement (i.e., acts within the three-year window), but untimely with respect to prior acts of the same or similar kind.

572 U.S. 663, 671–72 (2014) (emphasis added).

The Second Circuit is in accord with this understanding of accrual, holding "an infringement action may be commenced within three years of any infringing act, regardless of any prior acts of infringement; . . . the three-year limitations period . . . bar[s] only recovery for infringing acts occurring outside the three-year period." *Kwan v. Schlein*, 634 F.3d 224, 228 (2d Cir. 2011); *Stone v. Williams*, 970 F.2d 1043, 1049-50 (2d Cir.1992) ("Each act of infringement is a distinct harm giving rise to an independent claim for relief. . . .   Recovery is allowed only for those acts occurring within three years of suit, and is disallowed for earlier infringing acts.").  In addition, the Second Circuit, like "every Circuit to have considered the issue of claim accrual in the context of infringement claims," follows the "discovery rule," under which "copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement."  *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124–25 & n. 3 (2d Cir. 2014).

### A.    Plaintiff Discovered Defendant's Infringing Use within the Limitations Period

The First Amended Complaint demonstrates that Plaintiff discovered Defendant infringing Plaintiff's exclusive copyrights in the Copyrighted Work in March of 2022, well within three years of filing the original complaint on May 18, 2022.  *See* ECF No. 16 at ¶ 15.  This discovery was made as a result of a diligent search for online infringements whereby Plaintiff employs a third-party technology company to search the millions and millions of webpages on the internet to locate unlawful uses of

8

Plaintiff's works. *Id.* at 14. [2]  Accordingly, Defendant's statute of limitations defense fails. *See Palmer/Kane LLC v. Benchmark Educ. Co. LLC*, No. 18-CV-9369, 2020 WL 85469, at *2 (S.D.N.Y. Jan. 6, 2020) (finding the statute of limitations did not apply where Defendant had failed to demonstrate notice of the infringement prior to the alleged discovery); *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, No. 13-cv-816, 2016 WL 3176620, at *6 (S.D.N.Y. June 6, 2016) (statute of limitations did not apply at summary judgment when Defendant failed to "produce evidence showing that the plaintiffs knew or should have known about their claims before May 7, 2012, the date three years before plaintiffs filed the SAC."); *Cooley v. Penguin Grp. (USA) Inc., 31 F. Supp. 3d 599*, 612 (S.D.N.Y. 2014) (plaintiff's unrebutted testimony that he first became aware of Defendant's use of the photographs within the three year limitations window sufficient to defeat Defendant's claim the infringement should have been discovered earlier).

### B.    Defendant's Infringing Conduct Continued Beyond the Original Posting in 2012, and Continues Even Today.

Under the separate-accrual rule, the statute of limitations begins to run separately for each infringing act, i.e., any time a copy of either of the Copyrighted Work was distributed from Defendant's servers and transmitted to a user's computer within the limitations period. *See, e.g.*, *Petrella*, 572 U.S. at 671-72. "Under the separate-accrual rule, the time-barred copyright claims for past infringing activities are not a blank check for future copyright violations." *Noval Williams Films LLC v. Branca*, No. 14-CV-4711, 2018 WL 389092, at *5–6 (S.D.N.Y. Jan. 11, 2018) (finding

---

[2] Plaintiff's diligence in locating infringing use of works from its catalogue is mandated by business concerns but is not mandated by law. *See, e.g., PK Music Performance, Inc. v. Timberlake*, No. 16-cv-1215, 2018 WL 4759737, at *7 (S.D.N.Y. Sept. 30, 2018) ("copyright owners do not have a general duty to police their copyrights."); *Wilson v. Dynatone Publ'g Co*., 892 F.3d 112, 119 (2d Cir. 2018).  ("An author is not under a duty to constantly monitor filings in the Copyright Office on pain of losing her copyright."); *Ranieri v. Adirondack Dev. Group*, 164 F.Supp.3d 305, 345 (N.D.N.Y. 2016) (holding that copyright owner has no duty to police public records or activities); *H. M. Kolbe Co. v. Armgus Textile Co*., 315 F.2d 70, 74 (2d Cir. 1963) (holding that copyright owner has no affirmative duty to police subsequent distributions of his own product).

copyright infringement claims not time barred where infringement claims began prior to limitations period and extended during the period).

Defendant appears to assume that the infringement in this case begins and ends with the original publication of the infringing content on Defendant's website when it states: "As shown in Exhibit C to the Complaint, the alleged infringement occurred in July of 2012." *See* ECF 11 at 7. This characterization of what constitutes online infringement under copyright law is, legally, errant. The decision *APL Microscopic, LLC v. United States*, 144 Fed. Cl. 489 (2019), is instructive as the defendant there asserted a similar mischaracterization of how infringement works. There the defendant argued that the right of distribution is infringed "when copies of a work are made available to the public (e.g., placed on the server and available for download via the website) and does not depend on whether members of the public have accessed the distribution (e.g., by downloading the work from the page.)." *Id*. at 498. The court disagreed and held that "the act of transmitting the webpage—and the Work therein—to a user would infringe on this right [of distribution]." *Id.* Similarly, with respect to the infringement upon the right of public display, the defendant in that case argued, as Defendant does here, that it published the infringing work on the internet where it remained until suit, so the display right was infringed with the original publication "when the work is placed on display for viewing by the public (e.g., placed on the server and accessible via the website) and does not depend on whether members of the public have in fact viewed the work (e.g., by accessing the page)." *Id*. The court disagreed and held "[p]ublic display occurs, and § 106(5) is violated, each time an individual computer user accesses the relevant page on a website that displays the protected work." *Id*. at 499.

The characterization of infringement occurring beyond the initial posting of a photograph but continuing each time a work is reproduced on Defendant's computer system, distributed from a defendant's computer system, and public displayed on the monitors of uses from a Defendant's

10

computer system is in accord with decisions in this Court.  *See, e.g., Goldman v. Breitbart News Network, LLC*, 302 F. Supp. 3d 585, 587 (S.D.N.Y. 2018) (infringement occurring where defendant caused the public display of the work); *Capitol Records, LLC v. ReDigi Inc.*, 934 F.Supp.2d 640, 651 (S.D.N.Y. 2013) (copyrights infringed where defendant transfers the electronic file of the work is transferred from Defendant's system); *MyPlayCity, Inc. v. Conduit Ltd*., 2012 WL 1107648, (S.D.N.Y Mar. 30, 2012)  (explaining distribution in violation of 106(3) means "[i]n the internet context, a 'transfer of a file from one computer to another.'").

This Court is no outlier on this point.  *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1162 (9th Cir. 2007) (explaining when a computer user visits a defendant's web page, a copy of the image is made and transferred from the defendant's website server to the computer user so that the image can be displayed on the user's computer screen);  *Live Face on Web, LLC v. Smart Move Search, Inc.*, 2017 WL 1064664, at *2 (D.N.J. Mar. 21, 2017) (distribution right infringed each time a defendant's website "cause[d] a copy of [plaintiff's] software to be distributed to the website visitor's computer in cache, memory, or hard drive" and that the "[defendant's] website distributed copies of the [code] to each of the website's visitors.").

It is thus legally unfounded to posit that the infringement in this case began and ended in July of 2012 with Defendant's original publication of the Copyrighted Work.

**C.      Defendant's Reliance on the *Minden v. Buzzfeed* Decision is Misplaced**

Defendant theorizes the statute of limitations applies here because Plaintiff should have discovered the infringing conduct prior to 2022, relying on the case *Minden v. Buzzfeed*, 390 F.Supp.3d 461 (S.D.N.Y. 2019), in which certain claims in that litigation were dismissed based on a statute of limitations defense.  Defendant's attempt to use Judge Batts decision in the *Buzzfeed* case to establish its affirmative defense in this case fails for a number of reasons.

First, the facts before this Court are distinguishable from those before the bench in *Buzzfeed*.

11

Unlike in the decision in *Minden v. Buzzfeed*, it is clear from the factual record in this case that Plaintiff exercised diligence in attempting to locate infringements by engaging various companies over the years to crawl the internet in search of infringing use like Defendant's.  *See* ECF No. 14.  In addition, Defendant has the burden to proffer evidence to support its affirmative defense that the statute of limitations bars Plaintiff's claims.  *See Sohm v. Scholastic Inc.,* No. 16-cv-7098 (JPO), 2018 WL 1605214, at *11 (S.D.N.Y. Mar. 29, 2018).  In *Sohm*, the defendants, as here, "[did] not contend that Plaintiffs had actual notice of the relevant infringements, but rather that Plaintiffs, with due diligence, should have discovered the infringing acts more than three years before bringing their claims."  Judge Oetken noted that the defendant "must identify some affirmative evidence that would have been sufficient to awaken inquiry and prompt an audit on Plaintiff['s] part."  *Id*.  It was insufficient for the defendant to "simply rely on the passage of time to establish that Plaintiffs reasonably should have discovered any infringement. Scholastic has failed to meet its evidentiary burden to survive summary judgment on this affirmative defense."  *Id.*; *Lefkowitz v. McGraw-Hill Global Educ. Holdings, LLC*, 23 F.Supp.3d 344, 358 (S.D.N.Y. 2014) (denying motion for judgement for a statute of limitations defense because Defendant failed to bear the burden of proof).  Indeed, a statute of limitations defense "should not be granted unless it appears <u>beyond doubt</u> that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Ortiz v. Cornetta*, 867 F.2d 146, 148 (2d Cir. 1989) (emphasis in the original) (internal citations and quotations omitted).

Defendant must offer evidence showing, beyond doubt, that Plaintiff should have done more to discover the infringing webpages in this case sooner and Defendant has not and cannot offer such evidence.

C.      **Defendant's Reliance on the *Rotkiske* decision is Misplaced**

In the Second Circuit, "the discovery rule applies for statute of limitations purposes in

12

determining when a copyright infringement claim accrues under the Copyright Act." *Sohm v. Scholastic Inc.*, 959 F.3d 39, 50 (2d Cir. 2020); *see also Baron A. Wolman Archives Trust v. Complex Media, Inc.*, 2022 WL 523597, at *3 (S.D.N.Y. Feb. 22, 2022); *Baron A. Wolman Archives Trust v. BuzzFeed, Inc.*, 2022 WL 719633, at *2 (S.D.N.Y. March 10, 2022).

Defendant relies on the Supreme Court's ruling in *Rotkiske v. Klemm*, 140 S. Ct. 355 (2019), for its theory that the discovery rule no longer applies to copyright cases in the Second Circuit. *See* ECF No. 11 at 13-15. This too is errant. The Second Circuit has directly considered Defendant's proposed use of *Rotkiske* and rejected it: "Contrary to [the defendant's] contentions, the Supreme Court's recent decision in Rotkiske v. Klemm, —— U.S. ——, 140 S. Ct. 355, 205 L.Ed.2d 291 (2019), does not persuade us to depart from this holding [that the discovery rule applies in copyright cases]." This was not surprising given the *Rotkiske* decision concerns the statute of limitations for the Fair Debt Collection Practices Act (FDCPA) and does not reject the application of the discovery rule in copyright cases. *Rotkiske,* 140 S. Ct. at 359. There it was argued that the discovery rule should be applied as a principle to all federal statutes of limitations, which the Supreme Court rejected based on statutory interpretation of the FDCPA's statute of limitations. *Id.* at 362. Looking at the text of the FDCPA, which expressly states that an action must be brought within one year from the date on which the violation occurs, the Supreme Court explained, "if the words of a statute are unambiguous, this first step of the interpretive inquiry is our last." *Id.* at 360. Because the text of the FDCPA expressly states that the limitations period expires one year after the violation occurs, the Supreme Court declined to read the discovery rule into the FDCPA against the explicit text of the statute.

The *Rotkiske* decision has no bearing on this case because the Copyright Act, in contrast to the FDCPA, does not expressly tie the limitations period to the occurrence of the infringement. Instead, the Copyright Act's three-year statute of limitations begins to run when the claim "accrues." 17 U.S.C. § 507(b). "Accrual" is not defined in the Copyright Act. *See* 17 U.S.C. § 101. By

comparison, the text of the FDCPA states that the limitations period begins when the violation

occurs, and the term "accrual" is not utilized at all in the FDCPA's statute of limitations.  *See* 15

U.S.C. § 1692k(b).  In fact, the Supreme Court specifically states that "[i]f there are two plausible

constructions of a statute of limitations, we generally adopt the construction that starts the time limit

running when the cause of action ... accrues because Congress legislates against the standard rule that

the limitations period commences when the plaintiff has a complete and present cause of action."

*Rotkiske*, 140 S. Ct. at 360 (internal quotations omitted).

In short, *Rotkiske* does not alter or opine on the application of the discovery rule to determine when

claims accrue under the Copyright Act and thus has no application here.

## III.     PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES, COSTS, OR ACTUAL OR STATUTORY DAMAGES

Under the Copyright Act, "an infringer of copyright is liable for either (1) the copyright

owner's actual damages and any additional profits of the infringer, ... or (2) statutory damages, as

provided by subsection (c)." 17 U.S.C. § 504(a).  Additionally, the Court may, in its discretion, award

a prevailing plaintiff costs and attorneys' fees.  *See* 17 U.S.C. § 505.

Defendant argues that Plaintiff is not entitled to recover damages or attorney fees because it

filed this action more than three years after the alleged infringement.  *See* ECF No. 11.  As discussed

above, Defendant is assuming that the act of copyright infringement of the Copyrighted Work begins

and ends when the Copyrighted Work was first published by Defendant at Defendant's website but

that is now how the courts define infringing conduct.  As the First Amended Complaint asserts, "[a]s

late as March of 2022, well within the statute of limitations period provided by the Copyright Act,

Defendant was reproducing, distributing, and publicly displaying the Copyrighted Work, in violation

of Plaintiff's exclusive rights."  *See* ECF No. 16 at ¶ ¶ 18.  Indeed, while not relevant to damages

window, it must be noted that the infringements are occurring even today, as Defendant continues to

store copies of the Copyrighted Work on its servers, or servers maintained on its behalf, where

Defendant reproduces further copies of the Copyrighted Work which are distributed to the public and

displayed by Defendant on the computer monitors of the viewing public.


Dated: July 1, 2022

Respectfully submitted,

RATH, YOUNG & PIGNATELLI, P.C.

/s/ *R. Terry Parker*
R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Minden Pictures, Inc.*

15

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 1st day of July, 2022, I caused a copy of the foregoing to be served on all parties via ECF.

*/s/ R. Terry Parker*
R. Terry Parker