**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MINDEN PICTURES, INC., | Civil Action No.: 1:22-cv-04069 (RA) (GWG) |
| Plaintiff, | **ORAL ARGUMENT IS** |
| vs. | **REQUESTED IF MOTION IS OPPOSED** |
| COMPLEX MEDIA, INC., | |
| Defendant. | |

**DEFENDANT, COMPLEX MEDIA, INC.'S MEMORANDUM OF LAW IN REPLY AND IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Nancy A. Del Pizzo
Nancy.delpizzo@rivkin.com
Ana Parikh
Ana.parikh@rivkin.com
**RIVKIN RADLER LLP**
25 Main Street
Court Plaza North
Hackensack, New Jersey 07601
(201) 287-2460 (T)
(201) 489-0495 (F)

 - and-

477 Madison Avenue
New York, New York 10022
(212) 455-9555 (T)
(212) 687-9044 (F)

*Attorneys for Defendant,*
*Complex Media, Inc.*

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

I.     THIS COPYRIGHT CLAIM IS BARRED WHETHER THERE IS A
DISCOVERY RULE OR NOT ......................................................................................2

     A.  The Claim Is Barred............................................................................................2

     B.  There Is No Discovery Rule ...............................................................................4

     C.  The U.S. Supreme Court Distinguished Discrete Acts From
Continuing Acts, The Latter No Discrete Acts Of Infringement........................6

II.    PLAINTIFF CANNOT OBTAIN STATUTORY DAMAGES,
FEES OR COSTS ............................................................................................................9

CONCLUSION.............................................................................................................................11

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Alfa Laval v. Flowtrend*,
   No. H-4-2597, 2016 WL 2625068 (S.D. Tex., May 9, 2016) ...................................................9

*APL Microscopic, LLC v. U.S.*,
   144 Fed. Cl. 489 (Fed. Cl. 2019) ........................................................................................6, 8

*Baron Alan Wolman Archives Trust v. BuzzFeed, Inc.*,
   No. 19-cv-09461, 2022 WL 719633 (S.D.N.Y. March 10, 2022) ............................................5

*Baron Alan Wolman Archives Trust v. Complex Media, Inc.*,
   No. 20-cv-00152, 2022 WL 523597 (Feb. 22, 2022) ...............................................................5

*Bell v. The Oakland Comty. Pools Project, Inc.*,
   No. 19-cv-01308, 2020 WL 4458890 (N.D. Cal. May 4, 2020) ...........................................8, 9

*Burnett v. N.Y. Central R. Co.*,
   380 U.S. 424 (1965) ..................................................................................................................5

*Cap. Records, LLC v ReDigi Inc.*,
   934 F.Supp.2d 640 (S.D.N.Y. 2013) .........................................................................................7

*Everly v. Everly*,
   958 F.3d 442 (6th Cir. 2020) ....................................................................................................5

*Fischer v. Forrest*,
   No. 14-cv-1304, 2017 WL 128705 (S.D.N.Y. 2019) ............................................................6, 9

*Goldman v. Brietbart News Network, LLC*,
   302 F.Supp.3d 585 (S.D.N.Y. 2018) .....................................................................................7, 8

*Goldman v. Complex Media, Inc.*,
   No. 19-cv-02955 (S.D.N.Y. June 3, 2019), ............................................................................10

*Kelly v. L.L. Cool J.*,
   145 F.R.D. 32 (S.D.N.Y. 1992), *aff'd sub nom,* 23 F.3d 398 (2d Cir. 1994) ..........................10

*Live Face on Web, LLC v. Smart Move Search, Inc.*,
   No. 15-cv-4198, 2017 WL 1064664 (D.N.J. March 21, 2017) .................................................7

*Menominee Indian Tribe of Wisconsin v. U.S.*,
   136 S.Ct. 750 (2016) .................................................................................................................5

*Merck & Co. v. Reynolds*,
    559 U.S. 633 (2010) ..................................................................................................................5

*Michael Grecco Prods. Inc. v. Valuewalk, LLC*,
    345 F.Supp.3d 482 (S.D.N.Y. 2018) ................................................................................6, 8, 9

*MyPlayCity, Inc. v. Conduit Ltd.*,
    No. 10-cv-1615, 2012 WL 1107648 (S.D.N.Y. March 30, 2012) ............................................7

*Nichols v. U.S.*,
    136 S.Ct. 1113 (2016) ..............................................................................................................4

*Perfect 10, Inc. v. Amazon.com, Inc.*,
    508 F.3d 1146 (9th Cir. 2007) .................................................................................................8

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
    572 U.S. 663 (2014) .............................................................................................................6, 8

*Petrella*, *Stone v. Williams*,
    970 F.2d 1043 (2d Cir. 1992) ...................................................................................................9

*Rotkiske v. Klemm*,
    140 S.Ct. 355 (2019) ........................................................................................................1, 4, 5

*Sohm v. Scholastic Inc.*,
    959 F.3d 39 (2d Cir. 2020) ...................................................................................................4, 5

*Minden Pictures, Inc. v. BuzzFeed, Inc.*,
    390 F.Supp.3d 461 (S.D.N.Y. 2019) ...............................................................................2, 3, 6

*Wolf v. Travolta*,
    167 F. Supp. 3d 1077 (C.D. Cal. 2016) ...............................................................................8, 9

**Statutes**

Fair Debt Collection Practices Act ..............................................................................................4, 5

Federal Employers' Liability Act .....................................................................................................5

Self-Determination and Education Assistance Act ..........................................................................5

U.S. Copyright Act .......................................................................................................................4, 5

**Rules**

Fed. R. Civ. P. 12 .......................................................................................................................1, 11

**PRELIMINARY STATEMENT**

Defendant, Complex Media, Inc. ("Complex Media"), respectfully submits this memorandum of law in reply and in further support of its motion to dismiss the First Amended Complaint ("Amended Complaint") filed by plaintiff, Minden Pictures, Inc. ("Plaintiff" or "Minden") pursuant to Fed. R. Civ. P. 12(b), or in the alternative, for summary judgment under Fed. R. Civ. P. 12(d). Like the initial pleading, the Amended Complaint is insufficient.[1]

In the Amended Complaint, Plaintiff now alleges it only first learned of this 2012 alleged infringement in March of 2022. This new allegation does not salvage the Amended Complaint because this Court held that this Plaintiff is a sophisticated litigant that knew or should have known of photographic infringements on the internet prior to 2015, and ordered that this Plaintiff is time-barred from alleging infringements on the internet that pre-date 2015. That decision is underscored by the fact that Plaintiff has to date filed more than 95 lawsuits (more than double what it had filed at the time the Court barred its pre 2015 claims). Also, (a fact Plaintiff concedes), for more than a decade, this Plaintiff has been managing the copyrights for the photographer whose work is in issue here. Thus, there is no basis (and none provided in opposition) for this Court to determine that Minden is no longer a sophisticated litigant who should have known of stale claims. Separately, if this Court had not already barred Minden from filing stale claims (which it has), the U.S. Supreme Court decision in *Rotkiske* also forecloses the claim because Plaintiff's claim is based on the discovery rule.

Further even if Minden were not judicially barred, and even if *Rotkiske* did not exist and there were still a discovery rule, Plaintiff would not be entitled to statutory damages, attorneys'

---

[1] Per Complex Media's letter of June 22, 2022 (D.E. 17), Complex Media relied upon its moving brief on its motion to dismiss the complaint for purposes of its motion to dismiss the First Amended Complaint.

1

fees or costs – making this an utter waste of judicial resources. Not surprisingly, Plaintiff ignores the body of precedential and authoritative cases holding that a discovery rule plaintiff is not entitled to statutory damages or attorneys' fees and costs. Plaintiff attempts to overcome the law by arguing that an alleged infringement published on the internet twenty years ago is a separate discrete act of infringement just because it remained on the internet. The U.S. Supreme Court (and the progeny of cases in this District) disagree. Thus, if this case proceeds (which it should not), the Court should enter an Order barring those damages.

Finally, on page five of its brief, Plaintiff demonstrates that it does not understand that a motion on the pleadings is not where a defendant disputes allegations. Under the standard of review on this motion, allegations are *presumed* accurate (not admitted). It is, however, the legal principles that require dismissal of the Amended Complaint as they did the initial pleading.[2]

**I.     THIS COPYRIGHT CLAIM IS BARRED WHETHER THERE IS A DISCOVERY RULE OR NOT**

   **A.  This Claim Is Barred**

In opposition, Plaintiff asserts that it discovered the infringing use in March of 2022 and had no reason prior to that discovery to know of the alleged unauthorized use of the image because it seemingly just employed a "third-party technology company to search" the internet. (Plaintiff's brief, p. 8). That allegation has no legal effect here because in 2019 this Court held that this Plaintiff is a seasoned litigator who knew or should have known of alleged infringements on the internet prior to 2015. *Minden Pictures, Inc. v. BuzzFeed, Inc.*, 390 F.Supp.3d 461, 467- 470 (S.D.N.Y. 2019) (dismissing infringement claim for pre-2015 alleged infringed photographs on

---

[2] Plaintiff's argument that this Court can find defendant liable on this motion is nonsensical, unsupportable, and not properly before this Court, as Plaintiff has not filed a cross-motion for such relief.

12b6 motion, holding that a "reasonable copyright holder [in this identical Plaintiff's position], exercising due diligence, should have discovered that its copyright was being violated" because this Plaintiff, Minden, is a "seasoned litigator").

In *Minden*, the Court took judicial notice of Plaintiff's then only 36 [now more than 95] lawsuits in federal court and dismissed Plaintiff's stale copyright infringement claims (all those predating 2015) on the basis that Plaintiff is a seasoned litigator who should have known of the alleged infringements within three years of the alleged use. Further, in barring Minden in 2019 from filing lawsuits regarding stale claims, this Court heard argument about Minden using technology to scan the internet. In other words, it is not anything new for this Plaintiff and underscores this Court's 2019 decision barring pre-2015 copyright claims.

Plaintiff's citations to cases that precede this Court's decision in *Minden v. BuzzFeed* (and involve different plaintiffs) have no bearing here. *Minden v. BuzzFeed* is about Minden, this Plaintiff, and in that reported decision this Court barred this Plaintiff from filing stale copyright infringement lawsuits.

Plaintiff is not only a seasoned litigator (now having filed more than 95 lawsuits), but also, for more than a decade it has been filing lawsuits and managing copyrights on behalf of the photographer whose photo is in issue here. Plaintiff failed to deny these facts, and they are supported by publicly available documents on PACER. Thus, they are conceded and accurate. Per *Minden*, Plaintiff's argument does not save this claim, as this May 18, 2022 lawsuit for an alleged infringement in July of 2012 is barred even if the discovery rule applies.

3

### B. There Is No Discovery Rule

Complex Media respectfully submits that in 2019 the U.S. Supreme Court instructed that there is no discovery rule where a statute does not account for one. The U.S. Copyright Act does not include a discovery rule.

Plaintiff gives short shrift to that decision. On page 7 of its brief, Plaintiff recites the statute of limitations for copyright infringement cases, and wrongly seeks to apply law that predates the U.S. Supreme Court's decision in *Rotkiske v. Klemm*, 140 S.Ct. 355 (2019). On page 12 of its brief, Plaintiff shows that it believes that a footnote in *Sohm v. Scholastic Inc.*, 959 F.3d 39 (2d Cir. 2020) should trump the U.S. Supreme Court in *Rotkiske*. It does not.

Strangely, to argue that point, Plaintiff states that the U.S. Supreme Court in *Rotkiske* was solely focused on the Fair Debt Collection Practices Act's ("FDCPA's") limitation period, but the Second Circuit in *Sohm* (where the copyright infringement claim involved fraud) is somehow not limited to a fraud action even though the U.S. Supreme Court noted that an equitable discovery rule remains in fraud cases. *Rotkiske*, 140 S.Ct. at 357. Plaintiff also seemingly failed to read the entire *Rotkiske* decision, which lays out as a "fundamental principle of statutory interpretation [not just related to the FDCPA] that 'absent provision[s] [a discovery rule] cannot be supplied by the courts…To do so 'is not a construction of a statute, but, in effect, an enlargement of it by the court.'") *Id*. at 360-61 (citing *Nichols v. U.S*., 136 S.Ct. 1113, 1118 (2016).[3]

Nowhere in the U.S. Supreme Court's thorough analysis of statutory interpretation does the U.S. Supreme Court <u>confine</u> its decision only to the FDCPA. To the contrary, the Court makes

---

[3] The U.S. Supreme Court's recent decision overturning *Roe v. Wade* (in *Dobbs)* informs in real time that the highest Court does not confine itself to the facts in issue. *Rotkiske* is even more convincing because the Justices there discussed and opined on statutory construction generally and why there is no discovery rule where Congress does not call for it.

the effort to state, repeatedly, that it is not its "role to second-guess Congress' decision to include a "violation occurs" provision, rather than a discovery provision" for any statute. *Id*. at 361-62 (there are "two distinct concepts" related to a "discovery rule…the application of a general discovery rule as a principle of statutory interpretation and the application of a fraud-specific discovery rule as an equitable doctrine"). In fact, the Justices cited cases that were not confined (and some not even referencing) the FDCPA. *See id*. at 362 (J. Ginsberg dissenting in part) (citing among others, *Merck & Co. v. Reynolds*, 559 U.S. 633, 644 (2010) (private securities fraud action); *Burnett v. N.Y. Central R. Co*., 380 U.S. 424 (1965) (a Federal Employers' Liability Act action); *Menominee Indian Tribe of Wisconsin v. U.S*., 136 S.Ct. 750 (2016) (involving the Self-Determination and Education Assistance Act).

Finally, Plaintiff pulls the only reference to *Rotkiske* in *Sohm* (in footnote 2) and presents it as if it is showcased on page 50 of the opinion as the basis of that opinion. (*See* Plaintiff's brief, p. 13, failing to include a page cite, and compare to *Sohm*, 959 F.3d at fn.2.) As shown at page 50 in the text of *Sohm*, the Second Circuit relies on cases that preceded *Rotkiske* not actually *Rotkiske*, which it barely addresses in a footnote – likely because the parties neither briefed nor argued *Rotkiske*, which had not been decided during that period in *Sohm*.

As stated above, and beyond dispute, the U.S. Copyright Act does not include a discovery rule. Thus, under *Rotkiske*, there can be no discovery rule for copyright infringement actions. *See also, Everly v. Everly*, 958 F.3d 442, 361 (6th Cir. 2020). Plaintiff ignored *Everly*.[4]

---

[4] The two unreported *Wolman* cases referenced by Plaintiff on page 13 did not address the breadth of the decision in *Rotkiske*. *See Baron Alan Wolman Archives Trust v. Complex Media, Inc*., No. 20-cv-00152, 2022 WL 523597, at *3 (Feb. 22, 2022); *see Baron Alan Wolman Archives Trust v. BuzzFeed, Inc*., No. 19-cv-09461, 2022 WL 719633, at *2 (S.D.N.Y. March 10, 2022). Nor do they address the fact that *Sohm* did not have the benefit of briefing or argument on *Rotkiske* decision since *Rotkiske* had not been decided during the briefing and argument phase of *Sohm*.

5

### C. The U.S. Supreme Court Distinguished Discrete Acts From Continuing Acts, The Latter Not Discrete Acts Of Infringement

The U.S. Supreme Court distinguished the meaning of a discrete and separate act of infringement and one that begins years ago and is not an act that begins the statute of limitations anew. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014). Further, Plaintiff relies on a case that only applies to federal claims against the government, and no Court has recognized. *See* Plaintiff's brief, page 10, citing *APL Microscopic, LLC v. U.S.*, 144 Fed. Cl. 489 (Fed. Cl. 2019). Plaintiff relies on *APL* for the unsupportable argument that a photograph in an internet article published in 2012 is a new infringing act each day it remains on the internet.

Plaintiff's argument is a failed attempt to overcome *Minden v. BuzzFeed* by arguing that the statute of limitations begins anew each day a photograph sits on a defendant's website. For this Court to agree, it would need to circumvent the U.S. Supreme Court's decision in *Petrella*, as well as decisions in this District following and applying *Petrella*, including *Michael Grecco Prods. Inc. v. Valuewalk, LLC*, 345 F.Supp.3d 482, 512 (S.D.N.Y. 2018) and *Fischer v. Forrest*, No. 14-cv-1304, 2017 WL 128705, at *7, n.9 (S.D.N.Y. 2019). Those cases distinguish an infringement that occurred on one date and remains in its same form from a separately accruing discrete claim. Plaintiff wants this 2012 alleged use to be a separately accruing discrete claim, but there are no facts (and no law) to support that.

Like defamation law, where the claim occurs when the alleged defamatory statement is published, under copyright law, the claim accrues when the alleged infringement occurs. But where the alleged infringement merely continues as opposed to being a discrete (new) infringing act, the three-year limitations period is calculated from when the infringement first occurred. *Petrella*, 572 U.S. at 671; *Michael Grecco*, 345 F.Supp.3d at 512.

These and other courts have distinguished a "continuous" infringement that occurred years earlier from a new discrete infringing act. *Nowhere in this Amended Complaint is there an allegation that Defendant did anything other than leave the 2012 article containing the allegedly infringing photograph on its website.*[5] The 2012 article is attached to the Amended Complaint as evidence of the alleged infringement. Thus, there is no discrete infringing act after 2012 alleged (nor does one exist).

Plaintiff's citations to cases discussing whether hyperlinks, transfer of files, distributing software over the internet, or loading software onto customers' computers constitute copyright infringement are inapposite to whether an image merely sitting on the internet for years starts the statute of limitations anew each day. In fact, none even refer to the statute of limitations. *See MyPlayCity, Inc. v. Conduit Ltd.*, No. 10-cv-1615, 2012 WL 1107648 (S.D.N.Y. March 30, 2012) (whether linking to a third-party website constitutes infringement); *Cap. Records, LLC v ReDigi Inc.*, 934 F.Supp.2d 640 (S.D.N.Y. 2013) (whether transfer of music files over the internet is infringement); *Live Face on Web, LLC v. Smart Move Search, Inc.*, No. 15-cv-4198, 2017 WL 1064664 (D.N.J. March 21, 2017) (whether copying and distributing software constitutes infringement).

Plaintiff's citations to cases involving whether an embedded photograph constitutes infringement are similarly inapplicable. They, too, fail to reference the statute of limitations. *See Goldman v. Brietbart News Network, LLC*, 302 F.Supp.3d 585 (S.D.N.Y. 2018) (whether

---

[5] Plaintiff argues that it has "alleged separate acts of infringement." But making that conclusory statement is contrary to the alleged infringement Plaintiff attached to the Amended Complaint– an article from 2012. It is plainly evident the Plaintiff asserts that the photograph in this article becomes a discrete act of infringement each day simply because it exists on the internet. That, of course, is not the law.

embedded photograph constitutes copyright infringement); *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007) (whether thumbnail images constitute infringement).[6]

Plaintiff cites just one case that addresses this issue, *APL Microscopic*, but as stated above, it was decided by the Court of Federal Claims, a court that only has jurisdiction over infringement claims against the federal government. *See* 4 Nimmer on Copyright § 12.01[E][1]. And that case, *APL,* is an outlier that is contrary to the case law in this District and the rest of the country.

In *APL*, the Federal Claims court held that the limitations period for an infringement claim began to run when NASA uploaded the allegedly infringed photograph to its website, but that the "right of display" began every time the photograph was viewed on the website,[7] constituting a separate infringement. *Id*. No Court has adopted the reasoning in *APL*. Moreover, a court that squarely addressed its holding noted its flawed reasoning. *See Bell v. The Oakland Comty. Pools Project, Inc*., No. 19-cv-01308, 2020 WL 4458890, at *5, n.3 (N.D. Cal. May 4, 2020).

In fact, the Court in *Bell* found *APL*'s decision overwhelmed by compelling contrary law, noting that *APL* relied on a case (*Perfect 10, Inc. v. Amazon.com, Inc*., 508 F.3d 1146 (9th Cir. 2007) that "does not mention the statute of limitations . . . or address whether a new claim accrues for each transmission." *Bell*, at *9, fn. 3. The Court in *Bell* found other cases that squarely addressed this issue more compelling, including this District's decision in *Grecco*:

> The Supreme Court has cautioned that "separately accruing harm should not be confused with harm from past violations that are continuing." *Petrella***,** 572 U.S. at 671 n.6. Courts following this guidance have concluded that the mere fact that a document remained online does not trigger the separate-accrual rule. *See, e.g., Wolf v. Travolta***,** 167 F. Supp. 3d 1077, 1099 n.13 (C.D. Cal. 2016) ("The fact that the allegedly infringing document – published in 2010, outside the relevant three-year

---

[6] This Court in *Brietbart* declined to follow *Perfect 10*. *See Breitbart*, 302 F.Supp.3d at 591 (declining to adopt the server test).

[7] Plaintiff also has not alleged that anyone other than Plaintiff has viewed the photographs on Defendant's website in the past three years nor would that affect the law on the issue of statute of limitations.

8

window – *remained* on defendant's website through 2014 does not give rise to a discrete claim accruing within the three-year window." (emphasis in original)); *Nakada + Associates, Inc. v. City of El Monte*, EDCV 16-1467-GW (SPx), 2017 WL 246997, at *3 (C.D. Cal. June 2, 2017) (finding copyright claim barred where defendants posted a Youtube video outside the statute of limitations and did not "post or utilize" plaintiff's materials within the three-year window); *Alfa Laval v. Flowtrend*, No. H-4-2597, 2016 WL 2625068, at *5, *6 (S.D. Tex., May 9, 2016) (finding copyright claim barred where "there is no evidence that Defendants engaged in new acts of copyright infringement after [they] originally posted the Copyrighted Materials on [their] website" outside the statute of limitations); *cf. Michael Grecco Prods. Inc. v. Valuewalk, LLC*, 345 F. Supp. 3d 482, 512 (S.D.N.Y. 2018) (suggesting plaintiff's copyright claim would be within the statute of limitations if defendants had "republish[ed]" a copyrighted image online, but not if it were just "continuously available for public viewing").

*Bell*, at *9, fn. 3 (finding "the reasoning in *Wolf, Nakada*, and *Alfa Laval* more persuasive"). "Courts evaluating the separate-accrual rule for online content … focused on whether the defendant engaged in new acts of infringement, not the nature of the digital platform." *Id*. at *10. (citations omitted).

Plaintiff also ignored *Fischer*, 2017 WL 129705. There, this Court allowed claims to proceed but only because there was a question as to whether a discrete new claim existed where the plaintiff alleged infringement on both a website and in a printed catalog, and there is no such allegation here. *See id*. at *1. Notwithstanding that conclusion, this Court acknowledged that an alleged infringing work published on a website one year and remaining on the website years later "does not give rise to a discrete claim accruing within the three-year window...." *Id*. at *7 n.9 (citing *Petrella*, *Stone v. Williams*, 970 F.2d 1043, 1050 (2d Cir. 1992) and *Wolf v. Travolta*, 167 F.Supp.3d 1077 (C.D. Cal. 2016)).

## II.     PLAINTIFF CANNOT OBTAIN STATUTORY DAMAGES, FEES OR COSTS

Plaintiff concedes that it is not entitled to statutory damages, legal fees and costs for an infringement occurring more than three years prior to the filing of a complaint. All the Court need consider is what Plaintiff shows is the alleged infringement. Here, that is a photograph published

9

in a 2012 article. There are no other alleged infringements in the Amended Complaint – and a copyright plaintiff is required to identify its alleged infringements. *Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd sub nom,* 23 F.3d 398 (2d Cir. 1994) (copyright plaintiff must allege by what acts during what time the defendant allegedly infringed the copyright); *see also Goldman v. Complex Media, Inc*., No. 19-cv-02955 (S.D.N.Y. June 3, 2019) (D.E. 15), Order of the Hon. J. Paul Oetken, U.S.D.J., dismissing complaint for failure to adequately allege "by what acts during what time the defendant infringed the copyright," which is a required element of a copyright infringement claim.

Because it has not alleged any infringement other than a photograph in this 2012 article, Plaintiff argues that it is entitled to statutory damages, fees and costs because an allegedly infringing work in 2012 is a discrete act of infringement each day it remains on the internet. As set forth above, that is contrary to the law. Accordingly, if Plaintiff withstands this motion seeking dismissal (which it should not), the Court should enter an Order dismissing its claim for statutory damages, legal fees and costs.

Finally, there is no basis to allow this Plaintiff to file a third version of the complaint nor does Plaintiff cite any.

**CONCLUSION**

For the foregoing reasons and those set forth in its moving brief, defendant Complex Media, Inc., respectfully asks the Court to dismiss the Complaint in its entirety for failure to state a claim under Fed. R. Civ. P. 12(b), or for summary judgment under Fed. R. Civ. P. 12(d), or in the alternative, for an Order that Plaintiff, if it prevailed, is not entitled to recover attorneys' fees and/or statutory damages.

Dated:  July 8, 2022

Respectfully submitted,
**RIVKIN RADLER LLP**

By:   s/ Nancy A. Del Pizzo
    Nancy A. Del Pizzo
    nancy.delpizzo@rivkin.com
    Ana Parikh
    Ana.parikh@rivkin.com
    25 Main Street, Suite 501
    Court Plaza North
    Hackensack, New Jersey 07601
    (201) 287-2460 (T)
    (201) 489-0495 (F)

 - and-

477 Madison Avenue
New York, New York 10022
(212) 455-9555 (T)
(212) 687-9044 (F)

*Attorneys for Defendant,*
*Complex Media, Inc.*