**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MINDEN PICTURES, INC., | Civil Action No.: 1:22-cv-04069 (RA) (GWG) |
| Plaintiff, | **ORAL ARGUMENT IS** |
| vs. | **REQUESTED IF MOTION IS OPPOSED** |
| COMPLEX MEDIA, INC., | |
| Defendant. | |

---

**DEFENDANT COMPLEX MEDIA, INC.'S MEMORANDUM OF LAW IN SUPPORT**
**OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

---

Nancy A. Del Pizzo
Nancy.delpizzo@rivkin.com
**RIVKIN RADLER LLP**
25 Main Street
Court Plaza North
Hackensack, New Jersey 07601
(201) 287-2460 (T)
(201) 489-0495 (F)

 - and-

477 Madison Avenue
New York, New York 10022
(212) 455-9555 (T)
(212) 687-9044 (F)

*Attorneys for Defendant,*
*Complex Media, Inc.*

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY...................................... 4

A.    Plaintiff Files Additional Documents Including Admissions That Support Dismissal ................................................................................................. 6

B.    The Second Amended Complaint Has No New Relevant Facts To Overcome Dismissal . 7

C.    Plaintiff Is A Seasoned Litigator Who Has Been Filing Lawsuits On Behalf Of Photographer Gerry Ellis, This Photographer, Since 2012 And Was Aware That Complex Media Had Been Sued For Copyright Infringement ........................................ 10

D.    The Southern District Of New York Previously Twice Held That This Plaintiff Is Barred From Filing Copyright Infringement Lawsuits For Stale Claims .................................... 11

LEGAL ARGUMENT ......................................................................................... 12

I.    THIS COPYRIGHT ACTION IS TIME-BARRED........................................ 14

A.    Copyright Actions Must Be Filed Within Three Years .................................... 14

B.    This Court Barred All Pre-2015 Infringements Alleged By This Identical Plaintiff ......................................................................................... 14

C.    After The U.S. Supreme Court's Decision In *Rotkiske*, There Is No Discovery Rule.................................................................................. 17

II.    THE U.S. SUPREME COURT DISTINGUISHED DISCRETE ACTS FROM CONTINUING ACTS, THE LATTER ARE NOT DISCRETE ACTS OF INFRINGEMENT.................................................................................... 20

III.    IN THE ALTERNATIVE, PLAINTIFF IS NOT ENTITLED TO RECOVER ATTORNEYS' FEES OR STATUTORY DAMAGES............................................ 21

CONCLUSION.................................................................................................... 23

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*5-Star Mgt., Inc. v. Rogers,*
    940 F.Supp.512 (E.D.N.Y. 1996) ........................................................................13

*Brass v. Am. Film Tech., Inc.*
    987 F.2d 142 (2d Cir. 1993)................................................................................12

*Bray v. Purple Eagle Ent'mt, Inc.,*
    No. 18-cv-5205, 2019 WL 549137 (S.D.N.Y. Feb. 12, 2019) ................................14

*Burnett v. N.Y. Central R.R. Co.,*
    380 U.S. 424 (1965).............................................................................................19

*BWP Media USA, Inc. v. Gossip Cop Media, LLC,*
    87 F.Supp.3d 499 (S.D.N.Y. 2015) .....................................................................12

*Chase v. Cassiar Mining Corp.,*
    622 F. Supp. 1027 (N.D.N.Y. 1985).....................................................................17

*Cleveland v. Caplaw Enter.,*
    448 F.3d 518 (2d Cir. 2006).................................................................................12

*D.C. Comics, Inc. v. Mini Gift Shop,*
    912 F.2d 29 (2d Cir. 1990)...................................................................................15

*Everly v. Everly,*
    958 F.3d 442 (6th Cir. 2020) ...............................................................................19

*Finn v. Barney,*
    471 Fed. Appx. 30 (2d Cir. 2012).........................................................................13

*Fischer v. Forrest,*
    No. 14-cv-1304, 2017 WL 128705 (S.D.N.Y. 2019) .......................................21, 22

*Harris v. Mills,*
    572 F.3d 66 (2d Cir. 2009)...................................................................................12

*Jose Luis Pelaez, Inc. v. McGraw-Hill Global Educ. Holdings LLC,*
    399 F.Supp.3d 120 (S.D.N.Y. 2019)....................................................................22

*Kronisch v. U.S.,*
    150 F.3d 112 (2d Cir. 1998).................................................................................14

*Long v. Parry*,
  679 F.App'x 60 (2d Cir. 2017) ........................................................................23

*Menominee Indian Tribe of Wisconsin v. U.S.*,
  136 S.Ct. 750 (2016) ........................................................................................20

*Merck & Co. v Reynolds*,
  559 U.S. 633 (2010) ..................................................................................15, 19

*Michael Grecco Prods. Inc. v. Valuewalk, LLC*,
  345 F.Supp.3d 482 (S.D.N.Y. 2018) ..............................................................21

*Minden Pictures, Inc. v. BuzzFeed, Inc.*,
  390 F.Supp.3d 461 (S.D.N.Y. 2019)..........................1, 3, 9, 10, 11, 13, 14, 15, 16, 17

*Minden Pictures, Inc. v. BuzzFeed*, Inc.
  No. 1:18-cv-02438 (S.D.N.Y. August 24, 2018) (Plaintiff Brief) ..............9

*Minden Pictures, Inc. v. Complex Media, Inc.*,
  No. 22-cv-04069 (RA), 2023 WL 2648027 (S.D.N.Y. March 27, 2023)
  ........................................................................1, 3, 5, 11, 13, 14, 16, 17, 18, 20, 23

*Minden Pictures, Inc. v. Complex Media, Inc.*,
  No. 1:18-cv-02625 (S.D.N.Y. March 2018) ......................................................6

*Minden Pictures, Inc. v. John Wiley & Sons, Inc.*,
  3:12-cv-04601 (N.D.Cal. Sept. 4, 2012) ..................................................10, 11

*Minden Pictures, Inc. v. John Wiley & Sons, Inc.*,
  3:13-cv-03246 (N.D. Cal. July 12, 2013) ................................................10, 11

*Minden Pictures, Inc. v. New Tang Dynasty Television, Inc.*,
  1:17-cv-09079 (S.D.N.Y. Nov. 20, 2017)................................................10, 11

*Minden Pictures, Inc. et al. v. Pearson Education, Inc.*,
  2:13-cv-03176 (D.N.J., May 20, 2013)....................................................10, 11

*Morales v. N.Y. Univ.*,
  585 F.Supp.3d 610 (S.D.N.Y. 2022)................................................................23

*Nichols v. U.S.*,
  136 S.Ct. 1113 (2016)........................................................................................19

*Papazian v. Sony Music Entm't*,
  No. 16-cv-07911, 2017 WL 4339662 (S.D.N.Y. Sept. 28, 2017) ..............22

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
  602 F.3d 57 (2d Cir. 2010)........................................................................12, 13

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
    572 U.S. 663 (2014) ....................................................................................................20, 21, 22

*PK Music Performance, Inc. v. Timberlake*,
    No. 16-cv-1215, 2018 WL 4759737 (S.D.N.Y. Sept. 30, 2018) ...............................12

*Psihoyos v. John Wiley & Sons, Inc.*,
    748 F.3d 120 (2d Cir. 2014) ..................................................................................14, 15

*Ridge v. Davis*,
    No. 18-cv-8958 (JCM), 2022 WL 16737299 (S.D.N.Y. Nov. 7, 2022) ...................7

*Rothman v. Gregor*,
    220 F.3d 81 (2d Cir. 2000) ........................................................................................13

*Rotkiske v. Klemm*,
    140 S.Ct. 355 (2019) ...........................................................................4, 17, 18, 19, 20

*Sewell v. Bernardin*,
    795 F.3d 337 (2d Cir. 2015) ......................................................................................12

*Sohm v. Scholastic Inc.*,
    959 F.3d 39 (2nd Cir. 2020) .........................................................................17, 18, 20, 22

*Thompson v. Metro. Life Ins. Co.*,
    149 F.Supp.2d 38 (S.D.N.Y. 2001) ....................................................................15, 16

*Trachtenberg v. Dep't of Educ.*,
    937 F.Supp.2d 460 (S.D.N.Y. 2013) ........................................................................12

*Wolstenholme v. Hirst*,
    271 F.Supp.3d 625 (S.D.N.Y. 2017) ..........................................................................4

*Wu v. John Wiley & Sons, Inc.*,
    No. 14-cv-6746, 2015 WL 5254885 (S.D.N.Y. Sept. 10, 2015) ...............................22

**Federal Statutes**

12 U.S.C. § 3416 .....................................................................................................................18

15 U.S.C. § 77m ......................................................................................................................18

15 U.S.C. § 1679i .....................................................................................................................18

17 U.S.C. § 504(b) ...................................................................................................................14

17 U.S.C. § 1203 ...................................................................................................................8, 23

50 U.S.C. § 4611(k)(3) ............................................................................................................19

U.S. Copyright Act .................................................................................3, 8, 17, 18, 19, 20, 23

Federal Fair Debt Collection Practices Act (FDCPA)...........................................................18, 19

Federal Employers' Liability Act .........................................................................................19

Self-Determination and Education Assistance Act...............................................................20

**Federal Rules**

Fed. R. Civ. P. 12.................................................................................................1, 12, 13, 14, 23

Fed. R. Civ. P. 41(b) ..........................................................................................................5

Fed. R. Civ. P. 402.............................................................................................................7

## PRELIMINARY STATEMENT

Defendant, Complex Media, Inc. ("Complex Media"), respectfully submits this memorandum in support of its motion to dismiss the Second Amended Complaint filed by plaintiff, Minden Pictures, Inc. ("Plaintiff" or "Minden") pursuant to Fed. R. Civ. P. 12(b), or in the alternative, for summary judgment under Fed. R. Civ. P. 12(d).  Plaintiff's claim remains subject to dismissal under *Minden v. BuzzFeed* and this Court's decision in *Minden v. Complex Media*. Plaintiff cannot overcome the fact that it is a seasoned copyright infringement litigator, having filed at least 139 copyright infringement lawsuits (up from at least 95 since filing this action), and had inquiry notice of both (i) infringements of this photographer's photographs on the internet; and (ii) this defendant, which it alleges is a sophisticated media company with more than thirty copyright infringement cases filed against it. Thus, just like the previous two versions of the complaint (and two decisions in this District), it remains apparent from the face of the Second Amended Complaint that this Plaintiff should have known of this alleged infringement and its claim is time-barred.

When this Court previously dismissed Plaintiff's claim, it allowed for one last amended complaint if filed within thirty days of its Order and only if there was a good faith basis to do so. Plaintiff late-filed a Second Amended Complaint as well as a letter and a Declaration of a non-party, one of the many vendors it allegedly uses to bolster its litigation business. Those documents further demonstrate the insufficiency of its claim. To wit, Plaintiff argues that it should be allowed to file a copyright infringement claim whenever it wants – even if a decade after the alleged infringement (as it is here), even if two decades later, even if 100 years later – because its efforts to search the internet for its entire photography catalog cannot possibly identify all of the

infringements happening on the internet. That argument is malarky and turns the due diligence requirement on its head.

The copyright plaintiff (not its vendors) has a duty of due diligence.  And where it has inquiry notice, reasonable due diligence requires investigating not its entire catalog, but rather, that for which it has notice. As Plaintiff previously argued, there is no mandate as to how due diligence must be conducted, whether by reverse image searches or otherwise. Under the facts here (as alleged, as judicially noticed, and as found in two decisions by this Court against this Plaintiff), Minden knew or should have known of this alleged infringement. When a copyright plaintiff, like Minden, has (i) made it its business to file hundreds of lawsuits, likely making more money with litigation than it could ever make licensing $100 photographs, and (ii) has inquiry notice that a specific photographer's works are being used without authorization on the internet, and  (iii) it monitors this Defendant's copyright cases, alleging this Defendant is a willful copyright infringer, then it is simply not plausible that Minden – if it exercised the required due diligence – could not have known of this particular alleged infringement timely. Indeed, this Court has twice held that this plaintiff, Minden, knew or should have known of alleged infringements on the internet occurring before 2015. The alleged infringement here occurred in 2012.

For this Court to reverse itself and agree with Plaintiff, it would have to abrogate the body of controlling case law holding that a seasoned litigator, particularly one with inquiry notice, should have known of an alleged infringement within the three-year statute of limitations. Those decisions would become meaningless if Minden were permitted to proceed with its stale lawsuit on the basis that its various vendors searching for its entire catalog of photographs on the internet (instead of conducting due diligence on those photographs works that have been infringed and the media companies it believes are regular infringers) did not identify this photograph until 2022.

Minden's same argument  was not plausible on the previous motions, or in the 2019 Minden case, and it is not plausible now.

Plaintiff previously argued that there is no requirement that a Plaintiff police the internet or adopt any particular method to show due diligence and that Plaintiff could not have known of this infringement from more than ten years ago before 2022. It also previously argued (here and in *Minden v. BuzzFeed*) that its vendors are unable to find every infringement on the internet. In this version of the complaint, Plaintiff again admits that it has used not just one but several companies to conduct computer-driven searches of photographs on the internet to serve its business model of filing hundreds of copyright infringement lawsuits. It alleges that one of those services found this use from more than ten years ago during a search in 2022. Identifying a potential claim from ten years ago during a search in 2022 is not due diligence, and this Court has already twice held that this identical Plaintiff knew or should have known of the alleged infringements occurring before 2015.

Also, Plaintiff added to the Second Amended Complaint allegations that this Court previously held are not relevant as a matter of law. Specifically, Plaintiff sets forth allegations that set forth its "separate accrual" argument, e.g., that an alleged infringement is a new infringement for each day it appears on the internet. As set forth by this Court in *Minden v. Complex Media*, and the cited controlling decisions, "the notion—that the continued presence of a copyrighted work on a website does not by itself give rise to a 'new wrong' under the Copyright Act—is consistent with cases in this District finding that a copyrighted work is published or distributed when it is posted on a website." *Minden Pictures, Inc. v. Complex Media, Inc.*, No. 22-cv-04069 (RA), 2023 WL 2648027, at *4 (S.D.N.Y. March 27, 2023) (citations omitted).

Complex Media also respectfully submits that the Supreme Court's decision in *Rotkiske* requires dismissal, and resubmits this argument here to preserve Complex Media's rights.

Finally, Plaintiff's requests for statutory damages and legal fees are subject to dismissal. Thus, even if the Second Amended Complaint were to withstand this motion, which it should not, the Court should enter an order dismissing Plaintiff's claims for statutory damages and legal fees.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY[1]

On May 18, 2022, plaintiff, Minden Pictures, Inc. ("Plaintiff" or "Minden") filed a Complaint against Complex Media, Inc. ("Defendant" or "Complex Media"), alleging one count of copyright infringement. (D.E.1). Plaintiff alleged that the alleged infringement occurred at [www.complex.com](www.complex.com) as shown by "screenshots of which are attached as Exhibit C." (D.E. 1, ¶14). Plaintiff failed to file Exhibit C to the Complaint. (*See id*.). Plaintiff served Complex Media with its full Complaint, including Exhibit C on or about May 24, 2022. (D.E. 1). As shown by Exhibit C to the Complaint, the alleged infringement occurred in July of 2012. (*See id.*). Nowhere in the Complaint did Plaintiff state when it allegedly first learned of the alleged 2012 infringement. (*See id*). Complex Media filed a motion to dismiss the complaint on June 14, 2022. (D.E. 10). On June 21, 2022, Plaintiff filed a First Amended Complaint, this time alleging that it first learned of the alleged infringement in 2019. (D.E. 16). Complex Media sought to renew its motion to dismiss and rely upon its previously filed motion papers pursuant to paragraph 4.C. of the Court's Individual Rules & Practices In Civil Cases, which was granted. (D.E. 17, 18).

On March 27, 2023, this Court dismissed Plaintiff's First Amended Complaint, finding the following:

---

[1] Defendant accepts the facts in the Complaint as true only for purposes of this motion. *See Wolstenholme v. Hirst*, 271 F.Supp.3d 625, 633 (S.D.N.Y. 2017).

[t]hat this Plaintiff is the same "seasoned litigator" as the plaintiff in the prior Minden case. Federal court records indicate that the number of lawsuits Plaintiff has filed since 2012 has now increased to more than one hundred…Moreover, since 2012, Plaintiff has filed several lawsuits specifically with respect to the work of the photograph of the allegedly infringing work in this case, Gerry Ellis…The allegations in the Complaint make clear that Plaintiff uses sophisticated methods to detect infringing images, working "diligently to detect online infringements of its works," and enlisting technology companies that "crawl[] the internet" to identify infringing uses…Giving that Plaintiff's business is designed to protect and enforce the copyright works that it licenses, and employs intricate means of doing so, it is not plausible that Plaintiff, in exercising reasonable diligence, would not have discovered the alleged infringing use here until nearly ten years after the infringement occurred.

(D.E. 31); *see also Minden Pictures*, 2023 WL 2648027, at *3-4.

In its Opinion & Order of March 27, 2023, dismissing the First Amended Complaint without prejudice, this Court gave Plaintiff thirty days to file a third version of the complaint "provided it has a good faith basis to do so." *Id*. at *5. The deadline for filing a third version of the complaint was April 26, 2023. *See id*.

 Plaintiff failed to file a Second Amended Complaint before or on April 26, 2023. (*See* docket for this matter). On April 27, 2023, Complex Media filed a letter asking the Court to enter an Order dismissing this matter with prejudice pursuant to Fed. R. Civ. P. 41(b). (D.E. 33). Plaintiff never sought leave to file its third version of the complaint late nor did it reach out to defendant's counsel to meet and confer for a later filing. Nonetheless, later on April 27, 2023, Plaintiff late-filed a Second Amended Complaint. (Declaration of Nancy A. Del Pizzo, dated May 11, 2023 ("Del Pizzo Decl."), Exhibit 1, D.E. 34). Defendant moved to dismiss that pleading with prejudice. (D.E. 35). By Order of May 1, 2023, the Court denied that request without prejudice, and informed Defendant it could proceed with a motion to dismiss. (D.E. 36).

### A.    Plaintiff Files Additional Documents Including Admissions That Support Dismissal

On May 1, 2023, Plaintiff filed a letter to the Court including a Declaration of Joe Naylor, purportedly signed by "Docusign."[2] (D.E. 35, 35-1).  Mr. Naylor alleges that he is the founder, President and Chief Executive Officer of ImageRights International, Inc., a non party who he says was "responsible for the discovery of the infringement at issue in this litigation."  (D.E. 35-1).

 In Plaintiff's letter, Plaintiff admits it had knowledge that Defendant appeared in "more than 30 different" copyright infringement litigations, and that it has believed this Defendant is a "willful" infringer as a result. (D.E. 35).[3] Plaintiff's admission that it is aware of Complex Media having been sued for copyright infringement bolsters this Court's decision to dismiss this claim, since not only did Plaintiff have inquiry notice that this photographer's works were being infringed on the internet, it had knowledge of Complex Media, and knowledge that Complex Media had been sued for infringements on the internet including by Minden.[4]

Moreover, according to the Second Amended Complaint, Mr. Naylor is only one of the "various technology companies" Plaintiff has "enlisted," which it admits "can detect online infringement by crawling the internet…" and that "over the years, Plaintiff has engaged a number of companies to detect infringement."  (Del Pizzo Decl., Exhibit 1, D.E. 34, ¶ 14).

Also, it is Plaintiff that is required to exercise due diligence, not Mr. Naylor who is just one of Plaintiff's outside vendors hired to help Minden build its litigation business. Thus, Mr.

---

[2] Section 7 of this Court's Electronic Case Filing Rules & Instructions, which governs the filing of declarations requires "original signatures other than that of the Filing User," and for the Filing User to maintain the declarations "in paper form" until "five years after all time periods for appears expire."

[3] Complex Media contests the allegation that having been sued for copyright infringement makes it willful, particularly where some of those lawsuits were dismissed with prejudice or voluntarily withdrawn after motions were filed.

[4] Minden also previously sued Complex Media for copyright infringement, including in early 2018 (voluntarily withdrawing the complaint).  No. 1:18-cv-02625 (S.D.N.Y. March 2018).

Naylor's opinion as to the "reasonable of the timing" for Minden to have discovered the alleged infringement is irrelevant (and inadmissible).[5]   (D.E. 35.1, ¶ 2). Also irrelevant is his statement that Complex Media is a "smaller and lesser-known site[]," (*Id*. at ¶ 9), since Plaintiff admitted it had knowledge of more than thirty lawsuits having been filed against Complex Media, and alleged Complex Media is a "willful" infringer.  (D.E. 35). Plaintiff also alleged that Complex Media is "a sophisticated media company" not a smaller, lesser known site, and that "this lawsuit is one of many copyright infringement suits for" Complex Media. (Del Pizzo Decl., Exhibit 1, D.E. 34).

Finally, Mr. Naylor's self-serving and conclusory statement that when he and his "partner" founded his reverse image software company in 2008, there was no "Google Advance Image Search offered to consumers," is irrelevant and a Red Herring.  In 2008, there were other reverse image options available – and for free, including TinEye (which is still in existence today and still free), and which states on its website that it began "in 2008 when [it] invented reverse image search."  (https://tineye.com/about). The alleged infringement here occurred in 2012.

Neither Plaintiff's letter, Mr. Naylor's inadmissible Declaration nor the Second Amended Complaint state when Minden began searching for and/or first directed any of its vendors to search for this photograph on the internet and/or when Minden reviewed www.complex.com and/or first directed any of its vendors to search for this photograph at www.complex.com.

**B.**   **The Second Amended Complaint Has No New Relevant Facts To Overcome Dismissal**

In the Second Amended Complaint, Plaintiff once again alleges that he registered the allegedly infringed photograph on December 23, 2008, Registration No.: VA 1-723-899. (Del Pizzo Decl., Exhibit 1, D.E. 34.2, registration certificate). Plaintiff purportedly included in its

---

[5] "Irrelevant evidence is not admissible." *Ridge v. Davis*, No. 18-cv-8958 (JCM), 2022 WL 16737299, at *2 (S.D.N.Y. Nov. 7, 2022) (citing Fed. R. Civ. P. 402).

copyright application 140 photographs purportedly first published on December 15, 2003. (*Id*. at D.E. 34.2, application). There are two photographs in the application with the word "lemur" in the title. (*See id*). On the application, the copyright claimant stated that it was including in the application "some previously published photos." (*See id.).* When the U.S. Copyright Office registered the work, it excluded "any previously published photographs." (*Id*. at 34.2, registration).[6]

Plaintiff makes one claim in the Second Amended Complaint, for copyright infringement under section 505 of the U.S. Copyright Act. (*Id*. at D.E. 34, ¶¶ 27-37). Plaintiff wrongfully alleges that it is entitled to statutory damages and attorneys' fees and costs under section 505. (*Id*. at D.E. 34, ¶¶ 35, 36, see also "Prayer For Relief," ¶¶ 35, 36). Plaintiff also wrongfully alleges it is entitled to attorneys' fees under 17 U.S.C. § 1203(b)(5). (*Id*. at "Prayer for Relief," ¶ 7). As § 1203 only applies to claims made under sections 1201 or 1202, this too does not apply since there are no claims made in the Second Amended Complaint under these sections. (*See* Del Pizzo Decl., Exhibit 1, D.E. 34, *passim*).

The following are the five paragraphs Plaintiff added to this third version of the complaint:

16.    Plaintiff discovered these infringements after a number of diligent searches. Plaintiff's diligent efforts to discover these infringements include Plaintiff engaging various third-party technology companies over the years to search the internet for unlawful use of Plaintiff's copyrighted works. Due to the enormous amount of data on the internet, the billions and billions of different webpages and the billions and billions of data points that need to be searched for the thousands of copyrighted works in Plaintiff's catalogue, not every search discloses every unlawful use of Plaintiff's copyrighted works. Numerous and costly searches are conducted routinely. The results of these searches are then painstakingly analyzed at great cost to Plaintiff. Accordingly, the infringements at issue in this litigation were only discovered after numerous searches on the internet over the years for Plaintiff's copyrighted works.

---

[6] Accordingly, the alleged infringed photograph may have been excluded from this registration.

17.     The failure to discover these infringements sooner occurred not due to a lack of effort by Plaintiff. The routine searches by different technology companies used by Plaintiff were conducted over the last ten years or so did not disclose the infringements at issue in this case until only recently because of the vast amount of data on the internet to be search and the inability of the technology currently affordable on the market to locate in a few searches every infringing use of photographs in Plaintiff's catalogue. Accordingly, Plaintiff believes it is not, and should not, be considered at fault for not discovering these infringements sooner than it did.

18.     Defendant had access to the Copyrighted Works on the internet and, without authorization from Plaintiff, downloaded the Copyrighted Works to computer systems owned or operated by Defendant, and then used the Copyrighted Works in the creation of webpages to attract users to visit and remain at Defendant's website for commercial purposes of generating revenue, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing, creating unlawful derivative works, and publicly displaying the Copyrighted Works.

19.     Defendant's infringement did not begin and end with the first publication of the Copyrighted Works of Plaintiff on Defendant's various websites because Defendant stored the Copyrighted Works on computer servers owned by Defendant where, within the last three years, the Copyrighted Works were reproduced, distributed, and publicly displayed numerous times by Defendant when computer users in New York, and elsewhere, viewed Defendant's infringing webpages. In order for computer users to view the Copyrighted Works on monitors located in New York, Defendant had to reproduce digital copies of the Copyrighted Works from its server and then to distribute the digital copies through the internet to the computers and computer monitors and display screens where the Copyrighted Works were then publicly displayed without Plaintiff's authorization.

20.     Defendant is thus directly responsible for the unlawful reproduction, distribution, derivation, and public display of the Copyrighted Works within the last three years.

(*Id*.). They are not new since Plaintiff previously argued these points in the previous motions[7] and

not legally viable to sustain this complaint.

---

[7] Minden argued the same "arguments" on the previous motions. And this Court dismissed its claims. Also, in *Minden v. BuzzFeed*, Minden also argued what essentially is the same argument – that it had no reason to discover the images earlier, that it is not required to use internet scanning software, and that the ability to uncover stale infringements by using internet scanning software "is purely speculative" –the Court there also barred its pre 2015 claims. *See* Minden's brief in *Minden Pictures, Inc. v. BuzzFeed, Inc., No*. 1:18-cv-02438 (S.D.N.Y. August 24, 2018) (D.E. 26, pages, 7, 11).

**C.     Plaintiff Is A Seasoned Litigator Who Has Been Filing Lawsuits On Behalf Of Photographer Gerry Ellis, This Photographer, Since 2012 And Was Aware That Complex Media Had Been Sued For Copyright Infringement**

Minden has now filed at least 139 copyright infringement lawsuits since 1999.  (Del Pizzo Decl., Exhibit 2).  These include a case it filed against Complex Media's parent company, BuzzFeed, Inc., in 2019.  *Minden Pictures, Inc. v. BuzzFeed, Inc*., 390 F.Supp.3d 461, 467 (S.D.N.Y. 2019). In that reported decision, this Court held that this plaintiff, Minden Pictures, is time-barred from alleging copyright infringement for any works alleged to have been infringed on the internet prior to 2015 because Minden Pictures is a seasoned copyright litigator that knew or should have known of pre-2015 infringements within the three-year statute of limitations.  *Minden Pictures, Inc. v. BuzzFeed*, 390 F.Supp.3d at 467.

Indeed, this Plaintiff has been filing lawsuits over photographs published online on behalf of the same photographer as here, Gerry Ellis, since at least 2012, and others were also filed more than three years prior to this Second Amended Complaint.  *See, e.g., Minden Pictures, Inc. v. John Wiley & Sons, Inc., 3:12-cv-04601 (N.D.Cal. Sept. 4, 2012); Minden Pictures, Inc. et al. v. Pearson Education, Inc*., 2:13-cv-03176 (D.N.J., May 20, 2013); *Minden Pictures, Inc. v. John Wiley & Sons, Inc*., 3:13-cv-03246 (N.D. Cal. July 12, 2013); and *Minden Pictures, Inc. v. New Tang Dynasty Television, Inc*., 1:17-cv-09079 (S.D.N.Y. Nov. 20, 2017). (Del Pizzo Decl., ¶ 6). Also, according to the publicly availably records of the U.S. Copyright Office, located at www.copyright.gov, Minden is well aware of Mr. Ellis's photography collection as it has filed copyright registrations on his behalf from at least the year 2000 through 2017, including at least eleven additional copyright registrations apart from the one at issue in this action. (*Id*. at ¶ 5,

Exhibit 4).  Plaintiff alleges it is the exclusive licensee of Gerry Ellis's work.[8]  (Del Pizzo Decl.,

Exhibit 1, D.E. 34, ¶ 9). Since filing the initial complaint, Plaintiff's copyright infringement

lawsuits jumped from 95 to at least 139.   (Del Pizzo Decl., ¶ 7).

As set forth above, Plaintiff also alleges that it was aware of Complex Media, which it

refers to as a sophisticated media company that had been sued more than thirty times.

**D.    The Southern District Of New York Previously Twice Held That This Plaintiff
Is Barred From Filing Copyright Infringement Lawsuits For Stale Claims**

The Southern District of New York has twice barred this Plaintiff from filing copyright

infringement lawsuits regarding stale claims on the basis that this Plaintiff is a seasoned litigator

that knew or should have known of the alleged infringements within the three-year statute of

limitations.  *Minden Pictures, Inc. v. BuzzFeed, Inc.,* 390 F.Supp.3d 461, 467 (S.D.N.Y. 2019)

(DAB); *Minden Pictures, Inc. v. Complex Media, Inc*., No. 22-cv-04069 (RA), 2023 WL 2648027

(S.D.N.Y. March 27, 2023).

Plaintiff cannot change the facts previously found two times by the Southern District of

New York as to this Plaintiff. Accordingly, Complex Media once again renews its motion to

dismiss, as Plaintiff cannot sustain its claim. There is no basis to sustain the Second Amended

Complaint, which should now be dismissed with prejudice.

---

[8] In its other lawsuits on behalf of Gerry Ellis, Minden also alleged it is either the owner of, the
exclusive licensee of, or assigned the rights to enforce copyright in those works. *See, e.g., Minden
Pictures, Inc. v. John Wiley & Sons, Inc*., 3:12-cv-04601 (N.D.Cal. Sept. 4, 2012)(D.E. 1, ¶ 6);
*Minden Pictures, Inc. et al. v. Pearson Education, Inc*., 2:13-cv-03176 (D.N.J., May 20, 2013)
(D.E. 1, ¶ 9-10*); Minden Pictures, Inc. v. John Wiley & Sons, Inc*., 3:13-cv-03246 (N.D. Cal. July
12, 2013) (D.E. 1, ¶ 8-9*);* and *Minden Pictures, Inc. v. New Tang Dynasty Television, Inc*., 1:17-
cv-09079 (S.D.N.Y. Nov. 20, 2017) (D.E. 1, ¶ 9).

## **LEGAL ARGUMENT**

The standard of review for a Fed. R. Civ. P. 12(b) motion is whether plaintiff failed to state a claim. *Cleveland v. Caplaw Enter.*, 448 F.3d 518, 521 (2d Cir. 2006). Thus, the Court will review the complaint and determine if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Trachtenberg v. Dep't of Educ.*, 937 F.Supp.2d 460, 465 (S.D.N.Y. 2013). However, the "tenet" that claims on their face are accepted as true "is inapplicable to legal conclusions and threadbare recitals of the elements of a cause of action . . ." *Harris v. Mills*, 572 F.3d 66 (2d Cir. 2009). This Court is empowered to consider "documents attached to the complaint as an exhibit or incorporated by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *See Brass v. Am. Film Tech., Inc.* 987 F.2d 142, 150 (2d Cir. 1993). Moreover, the Second Circuit "has endorsed the resolution of other copyright questions at the pleadings stage by analyzing the complaint and incorporating by reference the documents referred to therein." *BWP Media USA, Inc. v. Gossip Cop Media, LLC*, 87 F.Supp.3d 499, (S.D.N.Y. 2015) (citing *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63-65 (2d Cir. 2010)).

"A court may dismiss a copyright infringement claim on statute of limitations grounds at the pleadings stage where 'it is clear from the face of the complaint, and matters of which the court may take judicial notice, that plaintiff's claims are barred as a matter of law." *PK Music Performance, Inc. v. Timberlake*, No. 16-cv-1215, 2018 WL 4759737, at *7 (S.D.N.Y. Sept. 30, 2018) (quoting *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015)).

For purposes of a copyright action, "the works themselves superseded and control contrary descriptions of them, including any contrary allegations, conclusions or descriptions of the works

contained in the pleadings." *Gaito*, 602 F.3d at 64.  Further, this Court can take judicial notice of the documents Plaintiff publicly filed in other actions, such as his complaints and the exhibits attached thereto.  *See Finn v. Barney,* 471 Fed. Appx. 30, 32 (2d Cir. 2012); *see also, Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of another complaint "as a public record"); *see also 5-Star Mgt., Inc. v. Rogers*, 940 F.Supp.512, 518 (E.D.N.Y. 1996) (taking judicial notice of pleadings in other lawsuits attached to defendants' motion to dismiss).

Finally, this Court has, under Fed. R. Civ. P. 12, dismissed claims alleged by this identical plaintiff, Minden Pictures, holding that all copyright infringement claims by Minden Pictures for <u>all</u> alleged infringements of photographs appearing on the internet <u>before 2015</u> are time-barred. That ruling was based on the finding that Minden Pictures is a seasoned litigator, having at that time filed 36 lawsuits prior to 2019 to protect its copyrights, and thus, should have discovered with the exercise of due diligence, that its copyright was being infringed "within the statutory time period ." *Minden Pictures, Inc. v. BuzzFeed, Inc.*, 390 F.Supp.3d 461, 467 (S.D.N.Y. 2019). Thus, any copyright infringement claims asserted by Minden Pictures for alleged infringements published on the internet prior to 2015 should be collaterally estopped and/or barred by the doctrine of res judicata.[9]

In addition, this Court in March dismissed this action on the same basis. To wit, Plaintiff is a seasoned litigator – then having filed more than 100 copyright infringement lawsuits – who knew or should have known of this alleged infringement from more than 10 years ago within the three-year statute of limitations. *Minden Pictures, Inc. v. Complex Media, Inc*., No. 22-cv-04069

---

[9] This would be a classic case of collateral estoppel and/or res judicata except that Plaintiff did not have appeal as of right in *Minden v. BuzzFeed*. There, Minden filed a motion for reconsideration, which it lost, and subsequently settled its post 2015 claims instead of seeking interlocutory appeal of the dismissal of pre-2015 claims. Nonetheless, with same factual bases here, this Court should dismiss these claims as it did in *Minden v. BuzzFeed*.

(RA), 2023 WL 2648027, at *3-4 (S.D.N.Y. March 27, 2023).  In the alternative to FRCP 12(b), we ask the Court to convert this motion to dismiss into a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d) and dismiss the Complaint in its entirety on that basis.  *See Bray v. Purple Eagle Ent'mt, Inc*., No. 18-cv-5205, 2019 WL 549137, at *1 (S.D.N.Y. Feb. 12, 2019).

## I.      THIS COPYRIGHT ACTION IS TIME-BARRED[10]

### A.      Copyright Actions Must Be Filed Within Three Years

There is a three-year statute of limitations for copyright infringement claims. *See, e.g., Psihoyos v. John Wiley & Sons, Inc*., 748 F.3d 120, 124 (2d Cir. 2014); *see* 17 U.S.C. § 504(b) (copyright infringement actions must be filed within three years after claim accrued).  Plaintiff filed this lawsuit on May 18, 2022 (D.E. 1) and alleges the infringement occurred in an article published in July of  2012. (Del Pizzo Decl., Exhibit 1, D.E. 34-3). Thus, the claim is more than ten years old, and is therefore, time-barred.

### B.      This Court Barred All Pre-2015 Infringements Alleged By This Identical Plaintiff

The claim is time-barred because this Court held that, in a case where the discovery rule still existed, this identical Plaintiff, Minden Pictures, Inc., *should have learned* of alleged copyright infringements that occurred before 2015, and is otherwise, time-barred from asserting claims for pre-2015 alleged infringements. *Minden*, 390 F.Supp.3d at 467 (quoting *Kronisch v. U.S*., 150 F.3d 112, 121 (2d Cir. 1998)). This Court stated that to determine the time when "discovery" *should have occurred*, courts analyze whether a plaintiff was on "inquiry notice" or whether there were

---

[10] Note that Plaintiff's attorney apparently filed this Second Amended Complaint as an attorney of record of a firm with which he is no longer associated.  Mr. R. Terry Parker sent an email to counsel for Complex Media on April 14, 2023, stating, "I write to let you know that today is my last day at Rath, Young, and Pignatelli…"  (Del Pizzo Decl., Exhibit 3).  Notwithstanding that representation, Plaintiff has not filed any substitution of law firm, and Mr. Parker signed his name to the Second Amended Complaint as an attorney with Rath, Young & Pignatelli, P.C.  (Del Pizzo Decl., Exhibit 1, D.E. 34, page 9).

"storm warnings" to point to a time that <u>would have prompted a reasonably diligent plaintiff to</u> <u>investigate.</u> *Id*. (citing *Merck & Co. v Reynolds*, 559 U.S. 633, 653 (2010)). For the discovery rule to be applied, Plaintiff must show reasonable diligence. *See id*. The plaintiff need not know "every permutation of their injury – they simply need to have a suspicion of the injury and its cause to be put on inquiry notice." *Id*. "The test is not whether a plaintiff could have learned of their injury; rather, it is whether, with the application of reasonable diligence, they should have known of their injury." *Id*. (citing *Thompson*, 149 F.Supp.2d at 48).

The Court held that Minden is a seasoned copyright infringement litigator that should have known of all alleged infringements of its works on the internet prior to 2015. *Minden*, 390 F.Supp.3d at 467 (dismissing as time-barred photographs that were published online prior to 2015 because "a reasonable copyright holder in Minden Pictures' position – that is, a seasoned litigator that has filed 36 lawsuits to protect its copyrights, beginning as early as July of 2010 – should have discovered, with the exercise of due diligence, that its copyright was being infringed within the statutory time period) (citing *D.C. Comics, Inc. v. Mini Gift Shop*, 912 F.2d 29, 35-36 (2d Cir. 1990) (considering the relative sophistication of plaintiff); *see also Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124 (2d Cir. 2014) (discovery rule).

In that action, Minden filed a copyright claim against Complex Media's parent company, BuzzFeed, Inc., over pre- and post- 2015 alleged infringed photographs. As for the pre-2015 photographs, this Court analyzed whether a reasonable copyright holder in Minden's position "should have discovered, with the exercise of due diligence, that its copyright was being infringed within the statutory time period." *Minden*, 390 F.Supp.3d at 467. At the time Minden filed that case against Buzzfeed in early 2019, Minden had already filed 36 copyright suits dating back to

July 2010.  *Id*.  That number is now up to at least 139 actions. In that action, Minden argued, like here, that it could not possibly find all infringements on the internet.

This Court held that this Plaintiff is "a seasoned litigator. . . [that] should have discovered, with the exercise of due diligence, that its copyright was being infringed within the statutory time period." *Id*.  Further clarifying its holding, this Court noted that the "test is not whether a plaintiff could have learned of their injury; rather, it is whether, with the application of reasonable diligence, they should have known of their injury." *Id*. (citing *Thompson v. Metropolitan Life Ins. Co*., 149 F.Supp.2d 38, 48 (S.D.N.Y. 2001).  This Court then dismissed as time-barred 24 photographs of Minden that were posted online prior to March 19, 2015.  *Id*.  Thus, the issue of whether Minden Pictures is entitled to allege copyright infringement of photographs posted to news websites on the internet before 2015 has already been decided by this court.  This particular plaintiff, Minden Pictures, is barred from asserting such claims. *Minden*, 390 F.Supp.3d at 467.

Bolstering this Court's reported decision in *Minden v. BuzzFeed* is this Court's decision in *Minden v. Complex Media*, which also found that this Plaintiff knew or should have known of the alleged infringement in this action. *Minden Pictures*, 2023 WL 2648027, at *3-4.

At the time of this Court's decision in March of 2023, Minden had filed more than 100 copyright infringement lawsuits (now up to at least 139), including multiple copyright infringement lawsuits on behalf of Gerry Ellis more than three years prior to this lawsuit (since at least 2012).  (Del Pizzo Decl., ¶ 6). Further, Minden is well aware of Complex Media, and that Complex Media had copyright lawsuits filed against it. A plaintiff demonstrating the required exercise of due diligence would have initiated such a search of Complex Media in particular based on its knowledge that Mr. Ellis's photographs were being used on the internet and that it considered Complex Media a sophisticated media company that had been sued more than thirty times for

copyright infringement. It has filed copyright registrations on Mr. Ellis's behalf from at least the year 2000 through 2017, including eleven additional copyright registrations apart from the one at issue in this action. (*Id*. at ¶ 5, Ex. 4). That is inquiry notice. *Minden*, 390 F.3d at 467 (citations omitted).

Plaintiff's argument that it is impossible to find all infringements of every photograph in its collection negates the due diligence requirement where there is inquiry notice and asks this Court to abrogate the body of case law finding sophisticated litigators who have notice should have known of an infringement within the three-year statute of limitations.  Plaintiff would like there to be no statute of limitations for copyright infringement, and wants this Court to bless its lawsuits no matter how long it takes to exercise due diligence. That is not the state of the law, and not the state of this Court's holdings with respect to this Plaintiff.

The decisions in *Minden v. BuzzFeed* and *Minden v. Complex Media* are consistent with the goals of the statute of limitations— to protect against loss of evidence and provide repose for defendants. This is particularly relevant here where the alleged infringements occurred nearly a decade ago. Relevant contemporaneous evidence is long gone. *See Chase v. Cassiar Mining Corp.*, 622 F. Supp. 1027, 1029 (N.D.N.Y. 1985).

### C.     After The U.S. Supreme Court's Decision In *Rotkiske*, There Is No Discovery Rule

Complex Media respectfully submits the claim also is time-barred under the U.S. Supreme Court's decision in *Rotkiske v. Klemm*, 140 S.Ct. 355 (2019) (holding that a judicially created discovery rule [as there is with respect to the Copyright Act] is a "bad wine of recent vintage" that cannot be applied where Congress has not expressly provided for it because "Congress has enacted statutes that expressly . . . set[] limitations periods to run from the date on which the violation occurs or the date of such discovery."). *Rotkiske*, together with *Sohm v. Scholastic Inc.*, 959 F.3d

39 (2nd Cir. 2020), renders the discovery rule inapplicable in copyright infringement cases *absent a claim of fraud*. There is no claim of fraud here.

This Court in *Minden v. Complex Media* previously disagreed, finding that the Second Circuit in *Sohm* did not agree that *Rotkiske* ended the discovery rule for all statutes where Congress has not called for one. *Minden v. Complex Media*, No. 22-cv-4069, at fn 2. Complex Media respectfully submits that *Rotkiske* extends beyond the FDCPA for the following reasons. First, in *Sohm*, the Second Circuit based its holding on cases that preceded *Rotkiske*. *Sohm*, 959 F.3d at 49-50. *Rotkiske* is mentioned only in footnote 2, and *Sohm* is a case that included a fraud claim, which is an exception under discovery rule jurisprudence, including *Rotkiske*.

Further, the U.S. Supreme Court's reasoning applied generally to statutes that do not include a discovery rule, not just the FDCPA. *See Rotkiske*, 140 S.Ct. at 360-61. ("A textual judicial supplementation is particularly inappropriate when, as here, Congress has shown that it knows how to adopt the omitted language or provision. Congress has enacted <u>statutes</u> that expressly include the language *Rotkiske* asks us to read in, setting limitations periods to run from the date on which the violation occurs *or the date of discovery of such violation* (citing 12 U.S.C. § 3416 and 15 U.S.C. § 1679i and stating that "it is not our role to second-guess Congress' decision to include a 'violation occurs' provision, rather than a discovery provision…") (underline emphasis added).[11] The U.S. Copyright Act does not include a discovery rule. If Congress wanted one, it could have required one, but it did not. *See id.*

---

[11] Congress has demonstrated that it knows how to add a discovery rule when it wants one. *See, e.g.,* 15 U.S.C. § 77m ("No action shall be maintained to enforce any liability created under section 77k or 77l(a)(2) of this title unless brought within one year after the discovery of the untrue statement of omissions, or after such discovery should have been made by the exercise of reasonable diligence."); 12 U.S.C. § 3416 ("An action to enforce any provision of this chapter may be brought in any appropriate United States district court without regard to the amount in controversy within three years from the date on which the violation occurs or the date of discovery

The U.S. Supreme Court in *Rotkiske* discussed statutory construction generally, including where a statute refers to "accrual" as the U.S. Copyright Act does, as opposed to "occurrence," and specified that <u>accrual means the same as occurrence</u>. *See Rotkiske*, 140 S.Ct. at 360 (noting that when "there are two plausible constructions of a statute of limitations," it is "the construction that starts the time limit running when the cause of action . . . accrues" that should be adopted, not when a plaintiff first discovered the claim); *see also Everly v. Everly*, 958 F.3d 442, 461 (6th Cir. 2020) (J. Murphy, concurring) (finding *Rotkiske* plainly ends the discovery rule in copyright cases, noting that the U.S. Supreme Court has "twice cautioned that it has not passed on the question.").

In *Rotkiske*, the Court also set forth a "fundamental principle of statutory interpretation [not just related to the FDCPA] that 'absent provision[s] [a discovery rule] cannot be supplied by the courts…To do so 'is not a construction of a statute, but, in effect, an enlargement of it by the court.'" *Id*. at 360-61 (citing *Nichols v. U.S.*, 136 S.Ct. 1113, 1118 (2016)).  The Court also makes the effort to state, repeatedly, that it is not its "role to second-guess Congress' decision to include a "violation occurs" provision, rather than a discovery provision" for any statute.  *Id*. at 361-62 (there are "two distinct concepts" related to a "discovery rule…the application of a general discovery rule as a principle of statutory interpretation and the application of a fraud-specific discovery rule as an equitable doctrine"). And, the Justices cited cases that were not confined (and some not even referencing) the FDCPA. *See id*. at 362 (J. Ginsberg dissenting in part) (citing among others, *Merck & Co. v. Reynolds*, 559 U.S. 633, 644 (2010) (private securities fraud action); *Burnett v. N.Y. Central R.R. Co*., 380 U.S. 424 (1965) (a Federal Employers' Liability Act action);

---

of such violation, whichever is later."); 50 U.S.C. § 4611(k)(3) ("An action under this subsection shall be commenced not later than 3 years after the violation occurs, or one year after the violation is discovered, whichever is later."). Congress did not add such language to the U.S. Copyright Act.

*Menominee Indian Tribe of Wisconsin v. U.S.*, 136 S.Ct. 750 (2016) (involving the Self-Determination and Education Assistance Act).

Under the facts in *Sohm* (specifically that there was a fraud claim there), *Sohm* remains aligned with the Supreme Court in *Rotkiske* because the High Court still recognizes a fraud-specific discovery rule even in cases where Congress has not statutorily mandated it.  *Rotkiske*, 140 S.Ct. at 361. There is no claim of fraud here.

## II.    THE U.S. SUPREME COURT DISTINGUISHED DISCRETE ACTS FROM CONTINUING ACTS, THE LATTER ARE NOT DISCRETE ACTS OF INFRINGEMENT

In opposing Complex Media's motion to dismiss Plaintiff's First Amended Complaint, Plaintiff argued that "under the separate-accrual rule, the statute of limitations begins to run separately for each infringing act, i.e., any time a copy of either of the copyright work was distributed from Defendant's servers and transmitted to a user's computer within the limitations period." (D.E. 20, pp. 9-11). This Court held (citing the voluminous case law on this point) that "the continued presence of a copyright work on a website does not by itself give rise to a 'new wrong' under the Copyright Act."  *Minden v. Complex Media*, No. 22-cv-4069, at *3-4.

Thus, the new "allegations" at paragraphs 18-20 of the Second Amended Complaint are irrelevant and do not save this claim. In those paragraphs, Plaintiff argues that because a website user could still view the photograph published in 2012 from a computer in 2022 that the copyright claim began anew each day, and every time a viewer viewed the article that had that photograph, Plaintiff's copyrights were infringed. Plaintiff is wrong.

The U.S. Supreme Court distinguished the meaning of a discrete and separate act of infringement and one that begins years ago and is not an act that begins the statute of limitations anew. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014). For this Court to

reverse itself, it would need to circumvent the U.S. Supreme Court's decision in *Petrella*, as well as decisions in this District following and applying *Petrella*, including *Michael Grecco Prods. Inc. v. Valuewalk, LLC*, 345 F.Supp.3d 482, 512 (S.D.N.Y. 2018) and *Fischer v. Forrest*, No. 14-cv-1304, 2017 WL 128705, at *7, n.9 (S.D.N.Y. 2019). Those cases distinguish an infringement that occurred on one date and remains in its same form from a separately accruing discrete claim. Plaintiff wants this 2012 alleged use to be a separately accruing discrete claim, but there are no facts (and no law) to support that.

These and other courts have distinguished a "continuous" infringement that occurred years earlier from a new discrete infringing act. *Nowhere in any version of the complaint, including the Second Amended Complaint, is there an allegation that Defendant did anything other than leave the 2012 article containing the allegedly infringing photograph on its website.* The 2012 article is attached to the Second Amended Complaint as evidence of the alleged infringement. That Plaintiff printed the page on March 22, 2022 does not make it another act of infringement. Thus, there is no discrete infringing act after 2012 alleged (nor does one exist).

The fact that Plaintiff added five paragraphs of argument in the guise of amending its complaint – and this Court previously informed Plaintiff that those arguments are not supported by law – demonstrates that this Plaintiff did not have a good faith basis to file its Second Amended Complaint. Plaintiff has further burdened the Court and caused defendant to incur additional legal expenditures.

## III.   IN THE ALTERNATIVE, PLAINTIFF IS NOT ENTITLED TO RECOVER ATTORNEYS' FEES OR STATUTORY DAMAGES

Alternatively, even if the Second Amended Complaint is not barred on any of the above grounds, Plaintiff is not  entitled to recover attorneys' fees and costs and/or actual or statutory damages since the alleged acts occurred more than three years before it filed this action. This

applies regardless of whether a Plaintiff obtained copyright registration prior to the alleged infringement.  To wit, there are two bases barring a plaintiff from recovering statutory damages and attorneys' fees: (1) failing to obtain copyright infringement prior to the alleged infringement, or within three months' of first publication; or (2) failing to file a copyright infringement lawsuit within three years of the alleged infringement. See, e.g., *Fischer v. Forrest*, No. 14-cv-1304 (PAE) (AJP), 2017 WL 128705, at *6–7 (S.D.N.Y. Jan. 13, 2017), *report and recommendation adopted*, No. 14-cv-1304, 2017 WL 1063464 (S.D.N.Y. Mar. 21, 2017) (limiting damages to the three years preceding suit); *Wu v. John Wiley & Sons, Inc.*, No. 14-cv-6746, 2015 WL 5254885, at *4 (S.D.N.Y. Sept. 10, 2015) (same); *see Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 677 (2014) ("Successful plaintiff can gain retrospective relief only three years back from the time of suit. No recovery may be had for infringement in earlier years"); *see also Jose Luis Pelaez, Inc. v. McGraw-Hill Global Educ. Holdings LLC*, 399 F.Supp.3d 120, (S.D.N.Y. 2019) (no recovery of actual or statutory damages based on infringement that occurred more than three years prior to the filing of complaint); *Papazian v. Sony Music Entm't*, No. 16-cv-07911, 2017 WL 4339662, at *6 (S.D.N.Y. Sept. 28, 2017) ("[t]he most straightforward interpretation of *Petrella* ... is that" . . . statutory damages" . . . are not  "permitted for infringing acts occurring more than three years prior to suit"); see also *Sohm*, 959 F.3d at 52 ("Therefore, the three-year limitation on damages was necessary to the result in *Petrella* and thus binding precedent.").

This Plaintiff alleges it filed its copyright registration prior to the alleged infringement. Nevertheless, it filed this action more than three years after the alleged infringement. Thus, should this Court allow the claim to move forward (which Complex Media respectfully argues it should not), then Complex Media asks in the alternative for an Order holding that Plaintiff, if it prevailed,

is not entitled to attorneys' fees and costs and/or statutory damages under any statute – the one alleged (section 505), or the one referenced only its Prayer for Relief.[12]

Finally, there is no basis to allow this Plaintiff to file a fourth version of the complaint. *See, e.g., Morales v. N.Y. Univ.*, 585 F.Supp.3d 610, 613 (S.D.N.Y. 2022) (finding amendment futile where does not plausibly support the claims); *see also, Long v. Parry*, 679 F.App'x 60, 63 (2d Cir. 2017) (amendment is futile where it cannot withstand a motion to dismiss). This version of the complaint is Plaintiff's third bite at the apple. It should be its last. Any such request for yet another amendment should be denied. As well, this Court previously confined further amendment to the version in issue on this motion. *See Minden v. Complex Media*, No. 22-cv-4069, at *5 (giving Plaintiff this "one opportunity to amend the Complaint within thirty days . . .").

## CONCLUSION

For the foregoing reasons, defendant Complex Media, Inc., respectfully asks the Court to dismiss the Second Amended Complaint in its entirety with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b), or for summary judgment under Fed. R. Civ. P. 12(d), or in the alternative, for an Order that Plaintiff, if it prevailed, is not entitled to recover attorneys' fees and/or statutory damages.

Dated:  May 11, 2023                                Respectfully submitted,
                                                    **RIVKIN RADLER LLP**

                                                    By:     s/ Nancy A. Del Pizzo

---

[12] Plaintiff's reference to attorneys' fees under 17 U.S.C. § 1203 in its Prayer for Relief is nonsensical as there is no 1201 or 1202 claim in this case – and never was. Under the plain language of the statute, section 1203 only applies to 1201 and 1202 claims. *See* 17 U.S.C. § 1203(a) ("Any person injured by a violation of section 1201 or 1202 may bring a civil action in an appropriate United States district court for such violation.") and 1203(b) ("In an action brought under subsection (a), the court -- …in its discretion may award reasonable attorney's fees to the prevailing party…").

Nancy A. Del Pizzo
nancy.delpizzo@rivkin.com
25 Main Street, Suite 501
Court Plaza North
Hackensack, New Jersey 07601
(201) 287-2460 (T)
(201) 489-0495 (F)

 - and-

477 Madison Avenue
New York, New York 10022
(212) 455-9555 (T)
(212) 687-9044 (F)

*Attorneys for Defendant,*
*Complex Media, Inc.*