IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MINDEN PICTURES, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>COMPLEX MEDIA, INC.,<br><br>        Defendant. | 1:22-cv-4069 (RA) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES 2

FACTUAL BACKGROUND 3

ARGUMENT 5

   I.   PLAINTIFF'S ALLEGATIONS ESTABLISH LIABILITY 5

   II.   THE STATUTE OF LIMITATIONS DOES NOT BAR PLAINTIFF'S CLAIMS 6

        A.   Plaintiff Discovered Defendant's Infringing Use within the Limitations Period 7

        B.   Defendant's Infringing Conduct Continued Beyond the Original Posting in 2012, and Continues Even Today 9

        C.   Defendant's Reliance on the *Minden v. Buzzfeed* Decision and this Courts Prior Decision is Misplaced 14

        D.   Defendant's Reliance on the *Rotkiske* decision is Misplaced 15

   III.   PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES, COSTS, ACTUAL OR STATUTORY DAMAGES 16

CONCLUSION 16

# TABLE OF AUTHORITIES

**Cases**

*APL Microscopic, LLC v. United States*, 144 Fed. Cl. 489 (2019)..................................................12, 13

*Cooley v. Penguin Grp. (USA) Inc.,* 31 F. Supp. 3d 599 (S.D.N.Y. 2014)............................................9

*H. M. Kolbe Co. v. Armgus Textile Co.*, 315 F.2d 70 (2d Cir. 1963) ....................................................8

*John Wiley & Sons, Inc. v. Book Dog Books, LLC*, No. 13-cv-816, 2016 WL 3176620 (S.D.N.Y. June 6, 2016)....................................................................................................................9

*Kwan v. Schlein*, 634 F.3d 224 (2d Cir. 2011)......................................................................................8

*Minden v. Buzzfeed*, 390 F.Supp.3d 461 (S.D.N.Y. 2019) .................................................................15

*Ortiz v. Cornetta*, 867 F.2d 146 (2d Cir. 1989) ..................................................................................10

*Palmer/Kane LLC v. Benchmark Educ. Co. LLC*, No. 18-CV-9369, 2020 WL 85469 (S.D.N.Y. Jan. 6, 2020)..................................................................................................................................9

*Petrella v. Metro-Goldwyn-Mayer* 572 U.S. 663 (2014)......................................................................7

*PK Music Performance, Inc. v. Timberlake*, No. 16-cv-1215, 2018 WL 4759737 (S.D.N.Y. Sept. 30, 2018)....................................................................................................................8

*Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120 (2d Cir. 2014).......................................................8

*Ranieri v. Adirondack Dev. Group*, 164 F.Supp.3d 305 (N.D.N.Y. 2016)............................................8

*Sohm v. Scholastic Inc.,* No. 16-cv-7098 (JPO), 2018 WL 1605214 (S.D.N.Y. Mar. 29, 2018) .........15

*Stone v. Williams*, 970 F.2d 1043 (2d Cir.1992)....................................................................................8

*Wilson v. Dynatone Publ'g Co.*, 892 F.3d 112 (2d Cir. 2018)...............................................................8

*Wolf v. Travolta*, 167 F.Supp.3d 1077 (C.D. Cal. 2016) ....................................................................13

**Statutes**

17 U.S.C. § 507.......................................................................................................................................7

The plaintiff Minden Pictures, Inc. ("Plaintiff"), by its undersigned attorney, R. Terry Parker, Esq., respectfully submits the following opposition to the motion filed by the defendant Complex Media, Inc. ("Defendant") to dismiss Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or for summary judgment under Rule 12(d).

## FACTUAL BACKGROUND

On May 18, 2022, Plaintiff initiated this action by filing its original complaint, which was served on Defendant on May 24, 2022, alleging that Defendant infringed Plaintiff's copyrighted work depicted in Exhibit A of the original complaint (the "Copyrighted Work"). *See* ECF Nos. 1, 9. In response, Defendant continued its infringing conduct[1] and moved to dismiss the original complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or for summary judgment under Rule 12(d). *See* ECF No. 10. On June 21, 2022, pursuant to Rule 15(a), Plaintiff filed its First Amended Complaint. *See* ECF No. 16.

On June 22, 2022, Defendant notified the Court that Defendant would rely on its prior motion to dismiss for the First Amended Complaint. *See* ECF No. 17. On March 27, 2023, this Court granted Defendant's motion to dismiss the First Amended Complaint pursuant to Rule 12(b)(6) based on Defendant's affirmative defense that Plaintiff's copyright infringement claim is barred by the Copyright Act's three-year statute of limitation, under which a claim accrues when the copyright holder discovers, or with due diligence should have discovered, the infringements. *See* ECF No. 31 at 4-5. The Court dismissed the amended complaint without prejudice, finding that "it is not plausible that Plaintiff, in exercising reasonable diligence, would not have discovered the alleged infringing use here until nearly ten years after the infringement occurred." *Id.* at 6.

---

[1] Indeed, even as of May 24, 2023, Defendant continues its infringing conduct by copying, distributing, publicly displaying, and using the Copyrighted Work in the creation of derivative works where the Copyrighted Work is place on Defendant's website adjacent to, beneath, and above numerous advertisements that generate revenue at the expense of Plaintiff's exclusive rights. *See* Declaration of R. Terry Parker in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss ("Parker Decl.") at ¶ 3.

On April 27, 2023, Plaintiff filed its Second Amended Complaint, adding allegations as to its discovery of the infringements in or about March of 2022, how it discovered the infringements, and why it believes that it is indeed plausible that Plaintiff exercised reasonable diligence and that it was reasonable not to have discovered the alleged infringing use until nearly ten years after the infringements occurred.  *See* ECF No. 34 at 15-18.  Namely, over the last ten years or so, Plaintiff has worked with different image search companies who routinely search the internet for infringements and these searches did not disclose the infringements at issue in this case sooner because of the vast amount of data on the Internet to be searched and the inability of the technology to locate every infringing use of the photographs in Plaintiff's catalogue.  *See id.* at ¶ 17.  Plaintiff further alleged that it "believes it is not, and should not, be considered at fault for not discovering these infringements sooner than it did."  Id.

In its most recent motion to dismiss, Defendant repeats its legal theory that the discovery rule no longer applies to the statute of limitations analysis for copyright infringement claims and, if the discovery rule does apply, Plaintiff's claims are barred by the statute of limitations because Plaintiff should have discovered Defendant's infringements more than three years prior to the initiation of this lawsuit.  *See* ECF No. 38 *passim*.  Defendant offers not explanation as to why and how the infringements should have been discovered sooner than they were, only that the delay in the discovery of Defendant's infringements is unreasonable because Plaintiff has been before this Court numerous times to defend the copyrights of its photographers and because Defendant has been sued numerous times for copyright infringement.  Id. at 13-16.

Plaintiff submits that Defendant's motion should be denied as Defendant offers no authority for disposing of the discovery rule for copyright claims under Second Circuit law and Plaintiff complies with the Second Circuit's discovery rule, adequately alleging facts explaining the diligence of its search for the infringements at issue and why it should not be expected to have reasonably

discovered the infringements sooner.  *See* ECF No. 34 at 20-25.

## ARGUMENT

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  In deciding a motion to dismiss, a court must "accept[ ] the complaint's factual allegations as true and draw[ ] all reasonable inferences in the plaintiff's favor," *Steginsky v. Xcelera, Inc.*, 741 F.3d 365, 368 (2d Cir. 2014), while not giving "effect to legal conclusions couched as factual allegations." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007).  Here, Plaintiff has sufficiently alleged facts demonstrating liability and that it did not have actual or constructive knowledge of the infringements at issue prior to March of 2022 and Defendant can point to no facts in the pleadings that would demonstrate the timing of Plaintiff's discovery was unreasonable.

### I. PLAINTIFF'S ALLEGATIONS ESTABLISH LIABILITY

Establishing copyright infringement under 17 U.S.C. §§ 106, 501 over a photograph involves two factual queries: (1) does the plaintiff have ownership of a valid copyright and (2) did the defendant reproduce, use the copyrighted work in the creation of a derivative work, distribute, or public display the copyrighted work. *See, e.g., Jose Luis Pelaez, Inc. v. McGraw-Hill Global Educ. Holdings LLC*, 399 F. Supp. 3d 120, 127 (S.D.N.Y. 2019) (citing 17 U.S.C. § 106).  Anyone who violates the exclusive rights of reproduction, derivation, distribution or publicly display is an infringer of those copyrights.  *Id*.  It is irrelevant that the defendant did not intend to infringe because copyright infringement is a strict liability tort. *Massachusetts Bay Ins. Co. v. Penny Preville, Inc.*,

5

No. 95 Cvi. 4845, 1996 WL 389266, *10 (S.D.N.Y. July 10, 1996) ("Because copyright infringement is a strict liability tort, intent is not a required element.")

Defendant's liability for infringement is firmly established here. Defendant does not dispute that Plaintiff has sufficient ownership of valid copyrights. *See* ECF 34 *passim*. Nor does Defendant dispute that it reproduced the Copyrighted Work, that it used the Copyrighted Work in creation of an unauthorized derivative work, namely the infringing website, that it distributed the Copyrighted Work to computer users throughout New York and elsewhere, nor that it public displayed the Copyrighted Work. *Id*. Rather, it argues that its unlawful conduct is protected because it was caught in the act taking another's property too late. Id.

## II.   THE STATUTE OF LIMITATIONS DOES NOT BAR PLAINTIFF'S CLAIMS

The Copyright Act provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). The Supreme Court has addressed the accrual of claims in the copyright context explaining in *Petrella v. Metro-Goldwyn-Mayer* that:

> It is widely recognized that the separate-accrual rule attends the copyright statute of limitations. Under that rule, when a defendant commits successive violations, the statute of limitations runs separately from each violation. <u>Each time an infringing work is reproduced or distributed, the infringer commits a new wrong. Each wrong gives rise to a discrete 'claim' that 'accrue[s]' at the time the wrong occurs</u>. In short, each infringing act starts a new limitations period. Under the Act's three-year provision, an infringement is actionable within three years, and only three years, of its occurrence. And the infringer is insulated from liability for earlier infringements of the same work. Thus, when a defendant has engaged (or is alleged to have engaged) in a series of discrete infringing acts, the copyright holder's suit ordinarily will be timely under § 507(b) with respect to more recent acts of infringement (i.e., acts within the three-year window), but untimely with respect to prior acts of the same or similar kind.

572 U.S. 663, 671–72 (2014) (emphasis added).

The Second Circuit is in accord with this understanding of accrual, holding "an infringement

action may be commenced within three years of any infringing act, regardless of any prior acts of infringement; . . . the three-year limitations period . . . bar[s] only recovery for infringing acts occurring outside the three-year period." *Kwan v. Schlein*, 634 F.3d 224, 228 (2d Cir. 2011); *Stone v. Williams*, 970 F.2d 1043, 1049-50 (2d Cir.1992) ("Each act of infringement is a distinct harm giving rise to an independent claim for relief. . . . Recovery is allowed only for those acts occurring within three years of suit, and is disallowed for earlier infringing acts."). In addition, the Second Circuit, like "every Circuit to have considered the issue of claim accrual in the context of infringement claims," follows the "discovery rule," under which "copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement." *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124–25 & n. 3 (2d Cir. 2014).

### A. Plaintiff Discovered Defendant's Infringing Use within the Limitations Period

As alleged in the Second Amended Complaint, Plaintiff discovered Defendant infringing Plaintiff's exclusive copyrights in the Copyrighted Work in March of 2022, well within three years of filing the original complaint on May 18, 2022. *See* ECF No. 34 at ¶ 15. This discovery was made after a years of diligently searching for online infringements whereby Plaintiff employs third-party technology companies to search the millions and millions of webpages on the internet to locate unlawful uses of Plaintiff's works. *Id.* at 17. [2] Plaintiff further alleges that it did not discover the infringements sooner because of the size of the Internet and the inability of the different search companies it uses to locate every use on the Internet because there is too much data to be searched.

---

[2] Plaintiff's diligence in locating infringing use of works from its catalogue is mandated by business concerns but is not mandated by law. *See, e.g., PK Music Performance, Inc. v. Timberlake*, No. 16-cv-1215, 2018 WL 4759737, at *7 (S.D.N.Y. Sept. 30, 2018) ("copyright owners do not have a general duty to police their copyrights."); *Wilson v. Dynatone Publ'g Co.*, 892 F.3d 112, 119 (2d Cir. 2018). ("An author is not under a duty to constantly monitor filings in the Copyright Office on pain of losing her copyright."); *Ranieri v. Adirondack Dev. Group*, 164 F.Supp.3d 305, 345 (N.D.N.Y. 2016) (holding that copyright owner has no duty to police public records or activities); *H. M. Kolbe Co. v. Armgus Textile Co.*, 315 F.2d 70, 74 (2d Cir. 1963) (holding that copyright owner has no affirmative duty to police subsequent distributions of his own product).

Id.  Plaintiff allegations as to the discovery are based understandings from ImageRights International, Inc., the search company that located the infringements at issue in this litigation.  See Declaration of Joe Naylor.  Plaintiff's search practices establish its diligence and the reasonableness of the time of its discovery of the infringements at issue in this litigation.

Defendant posits that the timing of Plaintiff's discovery is unreasonable because Plaintiff is a so-called "seasoned litigator" that has filed 139 infringement suits and because Plaintiff is aware that the Defendant has been sued for copyright infringement more than 30 times.  *See* ECF No. 38 at 16.  Defendant's argument ignores Plaintiff's allegations that, despite its best efforts and routine searches for copyright infringement, it was unable to discover the infringements at issue before 2022 because of the size of data to be searched on Internet and the inability of search technology to locate the infringements sooner than it did.  Defendant fails to point to allegations that demonstrate Plaintiff should have discovered the infringements issue sooner than it did.  Defendant has the burden to show that Plaintiff's engagement of various search companies who were unable to discover the infringements three years after the initial posting of the Copyrighted Work at Defendant's website somehow establishes an unreasonable delay in discovery; it has not and cannot show that.  Accordingly, Defendant's statute of limitations defense fails.  *See Palmer/Kane LLC v. Benchmark Educ. Co. LLC*, No. 18-CV-9369, 2020 WL 85469, at *2 (S.D.N.Y. Jan. 6, 2020) (finding the statute of limitations did not apply where Defendant had failed to demonstrate notice of the infringement prior to the alleged discovery); *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, No. 13-cv-816, 2016 WL 3176620, at *6 (S.D.N.Y. June 6, 2016) (statute of limitations did not apply at summary judgment when Defendant failed to "produce evidence showing that the plaintiffs knew or should have known about their claims before May 7, 2012, the date three years before plaintiffs filed the SAC."); *Cooley v. Penguin Grp. (USA) Inc., 31 F. Supp. 3d 599*, 612 (S.D.N.Y. 2014) (plaintiff's unrebutted testimony that he first became aware of Defendant's use of the photographs within the three-year limitations window sufficient to defeat Defendant's claim the

infringement should have been discovered earlier). Indeed, a statute of limitations defense "should not be granted unless it appears <u>beyond doubt</u> that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Ortiz v. Cornetta*, 867 F.2d 146, 148 (2d Cir. 1989) (emphasis in the original) (internal citations and quotations omitted). Defendant must offer evidence showing, beyond doubt, that Plaintiff should have done more to discover the infringing webpages in this case sooner and Defendant has not and cannot offer such evidence.

While Plaintiff is unaware of the Second Circuit addressing the issue of whether the timing of an image search technology's capture of an infringement is reasonable or not, the Ninth Circuit has directly addressed the question and has ruled that it is a question of fact and is "inappropriate for dismissal at the motion to dismiss stage." *Michael Grecco Prods., Inc. v. Ziff Davis, LLC*, No. 19-56465, 2020 WL 6948338, at *2 (9th Cir. Nov. 25, 2020). Indeed, Judge Anderson in his decision *Minden Pictures, Inc. v. Excitant Group, LLC,* No. CV 20-8146, 2020 WL 8025311, (Dec. 14, 2020 C.D. Cal.), considered the same argument posed by Defendant and held that "whether Plaintiff's delay in filing the lawsuit is a question of fact that cannot be decided on a motion to dismiss." *Id*. at *3 (citing *Minden Pictures, Inc. v. Buzzfeed, Inc*., 390 F. Supp. 3d 461, 467 (S.D.N.Y. 2019). Plaintiff submits that here too this is a question of fact that cannot be decided on a motion to dismiss.

B. **Defendant's Infringing Conduct Continued Beyond the Original Posting in 2012, and Continues Even Today**

This Court has previously declined to apply the separate-accrual rule to the allegations presented in Plaintiff's First Amended Complaint. *See* ECF No. 31 at 6. The separate accrual rule provides that "when a defendant commits successive violations, the statute of limitations runs separately from each violation." Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 671 (2014). Plaintiff respectfully submits that the separate accrual rule does apply to the allegations of the Second Amended Complaint because Plaintiff suffered actionable harms separate and apart from Defendant's

9

original posting of the Copyrighted Work.  Namely, the Copyright Act enumerates the exclusive right to six activities, including reproduction, derivation, distribution, and public display of the copyrighted work, that the copyright owner has the exclusive right "to do" and "to authorize." *See* 17 U.S.C. § 106.6.  An infringer is anyone who violates any of the exclusive rights of the copyright owner, that is, anyone who trespasses into the owner's exclusive domain of reproduction, derivation, distribution, or public display of the copyrighted work.  *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 433, 104 S. Ct. 774, 78 L.Ed.2d 574 (1984) (quotation and citation omitted).

Accordingly, in its Second Amended Complaint, Plaintiff has alleged that Defendant has reproduced the Copyrighted Work, has used the Copyrighted Work in the creation of unauthorized derivative works, has distributed the Copyrighted Work, and has publicly displayed Plaintiff's Copyrighted work within the last three years; indeed, as of this writing, well within the statute of limitations period provided by the Copyright Act, Defendant is infringing Plaintiff's exclusive right of reproduction, derivation, distribution, and public display because, as alleged, each time a user in New York and elsewhere views Plaintiff's Copyrighted Work at Defendant's website, Defendant makes an unauthorized digital copy from its servers and from its computer systems, then distributes that unauthorized digital copy to computer users in New York and elsewhere who have entered Defendant's URL to their browsers, whereby the Copyrighted Work is publicly displayed.  ECF No. 34 at ¶ ¶ 20, 24.  Plaintiff believes the factual record in this case will show that these acts of reproduction, derivation, distribution, and public display do not cease upon Defendant's first posting of the Copyrighted Work to its website because Defendant's website is not like a book of photographs or physical works that are published and sit passively on shelves or in galleries for consumers to visit and view; Defendant's website is a set of digital files that resides on its servers and computer systems that must be copied and distributed to each viewer of Defendant's website.

Plaintiff submits that the breach of the each of the exclusive rights afforded by section 106 of

the Copyright Act is a separate and actionable harm, and the questions for the fact finder in this case will be whether or not Defendant made a copy of the Copyrighted Work during the three-year statutory window, did the Defendant use the Copyrighted Work in the creation of derivative works,³ did Defendant transfer digital copies of the Copyrighted Work to computer users viewing Defendant's website, and did those transmissions of unlawful digital copies of cause new public displays of the Copyrighted Work.

Plaintiff again submits that the decision *APL Microscopic, LLC v. United States*, 144 Fed. Cl. 489 (2019), is instructive as the defendant there asserted a similar mischaracterization of how infringement works. There the defendant argued that the right of distribution is infringed "when copies of a work are made available to the public (e.g., placed on the server and available for download via the website) and does not depend on whether members of the public have accessed the distribution (e.g., by downloading the work from the page.)." *Id*. at 498. The court disagreed and held that "the act of transmitting the webpage—and the Work therein—to a user would infringe on this right [of distribution]." *Id*. Similarly, with respect to the infringement upon the right of public display, the defendant in that case argued, as Defendant does here, that it published the infringing work on the internet where it remained until suit, so the display right was infringed with the original publication "when the work is placed on display for viewing by the public (e.g., placed on the server and accessible via the website) and does not depend on whether members of the public have in fact viewed the work (e.g., by accessing the page)." *Id*. the court disagreed and held "[p]ublic display

---

³ A derivative work is defined as, in relevant part, "a work based upon one or more preexisting works, such as a[n] ... art reproduction, abridgement, condensation, or any other form in which a work may be recast, transformed, or adapted." 17 U.S.C. § 101. A review of Defendant's URL depicted in Exhibit C where the Copyright Work is publicly displayed shows that Defendant's website is a visual work largely based upon Plaintiff's preexisting Copyrighted Work. *See* ECF No. 34-3. Indeed, a review of the Defendant's website as it appears today shows that uses the following notice "© Complex Media, Inc. All Rights Reserved" indicating that defendant considers its website a copyrighted work. However, a review of the URL depicted in Exhibit C to the Second Amended Complaint shows that the website is constantly changing as different advertisements are imposed adjacent to, above, below, and over the Copyrighted Work, creating each time a new derivative of Plaintiff's Copyrighted Work. *See* Parker Decl. at ¶ 3.

occurs, and § 106(5) is violated, each time an individual computer user accesses the relevant page on a website that displays the protected work." *Id*. at 499.

This Court has doubted the persuasiveness of *APL* for not analyzing the question of infringement within the context of a statute of limitations query, but Plaintiff submits that the questions for a fact finder in a copyright infringement case, that is the questions as to whether a defendant has reproduced a copyrighted work, whether a defendant used a copyrighted work in the creation of a derivative work, whether a defendant has distributed a copyrighted work, or whether a defendant has publicly displayed a copyrighted work, without authorization, remains the same whether the acts are queried in the context of an infringement analysis or in the context of the statute of limitation analysis.  The questions are remain the same.

Plaintiff acknowledges that there are decisions where the statute of limitations bars an infringement claim where courts found there was no new harm after the image at issue was initially posted to the Internet, the most notable being *Wolf v. Travolta*, 167 F.Supp.3d 1077, 1099 n.13 (C.D. Cal. 2016),.  Plaintiff submits that *Wolf v. Travolta* is distinguishable because the court in that case merely held that summary judgment on the issue of the statute of limitations was proper because the plaintiffs in that case "have failed to produce admissible evidence creating a genuine dispute of material fact regarding whether the alleged infringer committed a new wrong by reproducing or distributing the infringing work within three years of the initiation of this suit." *Id*.  The court in that case did not hold that there is never a separate and actionable harm after the initial posting of the image in a copyright infringement case.  In contrast, the case at bar is at the pleadings stage where the Plaintiff has alleged that Defendant has committed new wrongs after originally posting the Copyrighted Work on Defendant's website. ECF No. 34 at ¶ ¶ 20, 24.  Plaintiff alleges that Defendant engaged in new acts of copyright infringement after originally posting the Copyrighted Work to Defendant's website by violating, within the statutory period, the exclusive rights set forth in

17 U.S.C. 106, specifically: 1) the exclusive right of reproduction provided by section 106(1); the exclusive right of derivation provided by section 106(2); 3) the exclusive right of distribution provided by section 106(3); and the exclusive right of public display provided by section 106(5). ECF No. 34 at ¶ ¶ 20, 24.

Other decisions finding the continued presence of a copyrighted work on a website does not by itself give rise to a "new wrong" under the Copyright Act include *Bell v. The Oakland Comty. Pools Project, Inc.*, No. 19-CV-01308, 2020 WL 4458890, at *5, n.3 (N.D. Cal. May 4, 2020), *Michael Grecco Prods., Inc. v. Valuewalk, LLC*, 345 F. Supp. 3d 482 (S.D.N.Y. 2018), and *Getaped.Com, Inc. v. Cangemi*, 188 F. Supp. 2d 398, 402 (S.D.N.Y. 2002). These too are distinguishable. The infringing act at issue in *Bell v. The Oakland Comty. Pools Project, Inc.* concerned the defendant's posting of the plaintiff's work on Twitter outside the 3 year limitations period and Judge Tigar ruled that the statute of limitation barred the infringement claims because "[the plaintiff] has presented no evidence that [the defendant] engaged in any acts of copyright infringement after its December 2015 Twitter post . . . ." 2020 WL 4458890, at *5. There were no allegations and no evidence that the defendant in that case copied and stored the work at issue to its servers and computer systems from which, during the three-year limitations period, it made subsequent copies and distributed those copies each time the copyrighted work was newly displayed in public on monitors and screens who viewed infringing website and each time a new derivative work was created by inclusion of new content by way of adversing. In contrast, Plaintiff in the case at bar alleges separate acts of infringement that occurred after the original posting of the work. *See* ECF No. 34 at ¶ ¶ 20, 24. Similarly, in the decisions *Michael Grecco Prods., Inc. v. Valuewalk* and *Getaped.Com, Inc. v. Cangemi*, the act of infringement at issue was the original posting of the images to the infringing website and there was no factual query as to whether or not the plaintiff in that case, subsequent to the original posting and within the three years statutory period, stored unlawful copies

at servers or computer systems owned by the defendants and then made unlawful digital copies of the images which were then distributed to the monitors and computer screens of viewers of Defendant's website. Plaintiff submits that the analysis in these decisions fails to address how technology operates in order for an image to be publicly displayed on the monitor or display screen of a consumer viewing an website that includes an allegedly infringed copyrighted work.

### C. Defendant's Reliance on the *Minden v. Buzzfeed* Decision and this Courts Prior Decision is Misplaced

Defendant theorizes that Plaintiff should have discovered the infringing conduct prior to 2022, relying on the case *Minden v. Buzzfeed*, 390 F.Supp.3d 461 (S.D.N.Y. 2019), in which copyright claims in that litigation were dismissed based on a statute of limitations defense. Defendant's attempt to use the decision in the *Buzzfeed* case and this Court's recent decision regarding Plaintiff's First Amended Complaint as authorities binding this Court to dismiss Plaintiff's Second Amended Complaint fails for a number of reasons.

First, the facts before this Court are distinguishable from those before Judge Batts and this Court's prior decision in this case. Unlike in the Court's prior decision and Judge Batts' decision in *Minden v. Buzzfeed*, there are plausible allegations that Plaintiff exercised diligence in attempting to locate infringements by engaging various companies over the years to crawl the internet in search of infringing uses like Defendant's and that it is reasonable for these companies to have not found the infringements at issue in this litigations before they did. *See* ECF No. 34. In addition, Defendant has the burden to proffer evidence to support its affirmative defense that the statute of limitations bars Plaintiff's claims. *See Sohm v. Scholastic Inc.,* No. 16-cv-7098 (JPO), 2018 WL 1605214, at *11 (S.D.N.Y. Mar. 29, 2018). In *Sohm*, the defendants, as here, "[did] not contend that Plaintiffs had actual notice of the relevant infringements, but rather that Plaintiffs, with due diligence, should have discovered the infringing acts more than three years before bringing their claims." Judge Oetken

noted that the defendant "must identify some affirmative evidence that would have been sufficient to awaken inquiry and prompt an audit on Plaintiff['s] part." *Id*. Defendant has not and cannot proffer such evidence.

### D. Defendant's Reliance on the *Rotkiske* decision is Misplaced

In the Second Circuit, "the discovery rule applies for statute of limitations purposes in determining when a copyright infringement claim accrues under the Copyright Act." *Sohm v. Scholastic Inc.*, 959 F.3d 39, 50 (2d Cir. 2020); *see also Baron A. Wolman Archives Trust v. Complex Media, Inc.*, 2022 WL 523597, at *3 (S.D.N.Y. Feb. 22, 2022); *Baron A. Wolman Archives Trust v. BuzzFeed, Inc.*, 2022 WL 719633, at *2 (S.D.N.Y. March 10, 2022).

Defendant continues to posit, as it has in numerous cases with no success, that the Supreme Court's ruling in *Rotkiske v. Klemm*, 140 S. Ct. 355 (2019), disposes of the discovery rule in copyright cases in the Second Circuit. There is no legal authority for Defendant's position. Indeed, the Second Circuit has directly considered Defendant's proposed use of *Rotkiske* and rejected it: "Contrary to [the defendant's] contentions, the Supreme Court's recent decision in *Rotkiske v. Klemm*, ––– U.S. –––, 140 S. Ct. 355, 205 L.Ed.2d 291 (2019), does not persuade us to depart from this holding [that the discovery rule applies in copyright cases]." *Sohm*, 959 F.3d at 50 n2. This was not surprising given the *Rotkiske* decision concerns the statute of limitations for the Fair Debt Collection Practices Act (FDCPA) and does not reject the application of the discovery rule in copyright cases. *Rotkiske,* 140 S. Ct. at 359. There it was argued that the discovery rule should be applied as a principle to all federal statutes of limitations, which the Supreme Court rejected based on statutory interpretation of the FDCPA's statute of limitations. *Id.* at 362. Looking at the text of the FDCPA, which expressly states that an action must be brought within one year from the date on which the violation occurs, the Supreme Court explained, "if the words of a statute are unambiguous, this first step of the interpretive inquiry is our last." *Id.* at 360. Because the text of the FDCPA expressly

states that the limitations period expires one year after the violation occurs, the Supreme Court declined to read the discovery rule into the FDCPA against the explicit text of the statute.

The *Rotkiske* decision has no bearing on this case because the Copyright Act, in contrast to the FDCPA, does not expressly tie the limitations period to the occurrence of the infringement. Instead, the Copyright Act's three-year statute of limitations begins to run when the claim "accrues." 17 U.S.C. § 507(b). "Accrual" is not defined in the Copyright Act.  *See* 17 U.S.C. § 101.  By comparison, the text of the FDCPA states that the limitations period begins when the violation occurs, and the term "accrual" is not utilized at all in the FDCPA's statute of limitations.  *See* 15 U.S.C. § 1692k(b).  In fact, the Supreme Court specifically states that "[i]f there are two plausible constructions of a statute of limitations, we generally adopt the construction that starts the time limit running when the cause of action ... accrues because Congress legislates against the standard rule that the limitations period commences when the plaintiff has a complete and present cause of action." *Rotkiske*, 140 S. Ct. at 360 (internal quotations omitted). In short, *Rotkiske* does not alter or opine on the application of the discovery rule to determine when claims accrue under the Copyright Act and thus has no application here.

### III.   PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES, COSTS, ACTUAL OR STATUTORY DAMAGES

Under the Copyright Act, "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, ... or (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a).  Additionally, the Court may, in its discretion, award a prevailing plaintiff costs and attorneys' fees.  *See* 17 U.S.C. § 505.  Defendant argues that Plaintiff is not entitled to recover damages or attorney fees because it filed this action more than three years after the alleged infringement.  *See* ECF No. 38.  Defendant's argument hinges on its errant theory that the act of copyright infringement in this case begins and ends when the Copyrighted Work was

first posted by Defendant at Defendant's website.  As Plaintiff has alleged, the act of copyright infringement in this case does not begin and end with the initial posting of the Copyrighted Work by Defendant at Defendant's website because, after that posting, and even today, Defendant has made copies of the Copyrighted Work; Defendant has created and is creating unlawful derivative works of Plaintiff's Copyrighted Work; Defendant has distributed, and is distributing, copies of the Copyrighted Work; and Defendant has publicly displayed, and is publicly displaying, the Copyrighted Work, all within the three-year statutory period.

While Defendant can deny such allegations, these are not factual issues that can be decided on the pleadings, without a factual record.  A fact finder needs to hear testimony from Plaintiff and from Defendant as to how digital copies of Plaintiff's Copyrighted Work were copied, during the three-year statutory period, or not, as to how digital copies of Plaintiff's Copyrighted Work were used in the creation of derivative works, during the three-year statutory period, or not, as to how digital copies of Plaintiff's Copyrighted Work were distributed to consumers, during the three-year statutory period, or not, and whether digital copies of Plaintiff's Copyrighted Work were publicly displayed, during the three-year statutory period, or not.  Plaintiff submits that such factual issues cannot be established on the basis of the pleadings, unless the Court draws all reasonable inference that Defendant is not liable for the alleged misconduct.

Dated: May 24, 2023

Respectfully submitted,

/s/ *R. Terry Parker*
Law Office of R. Terry Parker
43 West 43rd Street, Suite 275
New York, New York 10036-7424
Tel. (212) 859-5068
Email: terry@rterryparkerlaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of May, 2023, I caused a copy of the foregoing to be served on counsel for the defendant via ECF.

/s/ R. Terry Parker
R. Terry Parker