**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MINDEN PICTURES, INC., | Civil Action No.: 1:22-cv-04069 (RA) (GWG) |
| Plaintiff, | **ORAL ARGUMENT IS REQUESTED** |
| vs. | |
| COMPLEX MEDIA, INC., | |
| Defendant. | |

**DEFENDANT, COMPLEX MEDIA, INC.'S MEMORANDUM OF LAW IN REPLY AND IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Nancy A. Del Pizzo
Nancy.delpizzo@rivkin.com
**RIVKIN RADLER LLP**
25 Main Street
Court Plaza North
Hackensack, New Jersey 07601
(201) 287-2460 (T)
(201) 489-0495 (F)

 - and-

477 Madison Avenue
New York, New York 10022
(212) 455-9555 (T)
(212) 687-9044 (F)

*Attorneys for Defendant,*
*Complex Media, Inc.*

## TABLE OF CONTENTS

**<u>PAGE</u>**

PRELIMINARY STATEMENT ................................................................................................... 1

   I.   THIS PLAINTIFF IS BARRED FROM CLAIMING INFRINGEMENT HERE ............. 3

   II.   CONTINUING ACTS ARE NOT DISCRETE ACTS ...................................................... 5

   III.  UNDER U.S. SUPREME COURT PRECEDENT, THE PLAIN MEANING OF
       "ACCRUE" TRIGGERS THE OCCURENCE RULE ....................................................... 9

   IV.  PLAINTIFF CANNOT OBTAIN STATUTORY DAMAGES, FEES OR COSTS ......... 9

CONCLUSION ..................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alfa Laval v. Flowtrend*,
No. H-4-2597, 2016 WL 2625068 (S.D. Tex., May 9, 2016)..............................................7, 8

*APL Microscopic, LLC v. U.S.*,
144 Fed. Cl. 489 (Fed. Cl. 2019) ....................................................................................6, 7

*Bell v. The Oakland Comty. Pools Project, Inc.*,
No. 19-cv-01308, 2020 WL 4458890 (N.D. Cal. May 4, 2020)......................................6, 7

*Color Image Apparel, Inc. v. Jaeschke*,
No. 22-cv-7187, 2022 WL 2643476 (C.D. Cal. June 7, 2022) ...........................................6

*Cooley v. Penguin Grp. (USA) Inc.*,
31 F.Supp.3d 599 (S.D.N.Y. 2014) ....................................................................................4

*Fischer v. Forrest*,
No. 14-cv-1304, 2017 WL 128705 (S.D.N.Y. 2019) ........................................................7, 8

*Fisher v. Whiton*,
317 U.S. 217 (1942).............................................................................................................9

*Gabelli v. S.E.C.*,
568 U.S. 442 (2013).............................................................................................................9

*Goldman v. Complex Media, Inc.*,
No. 19-cv-02955 (S.D.N.Y. June 3, 2019), (D.E. 15), Order of the Hon. J.
Paul Oetken, U.S.D.J. ..........................................................................................................9

*John Wiley & Sons, Inc. v. Book Dog Books, LLC*,
No. 13-cv-816, 2016 WL 3176620 (S.D.N.Y. June 6, 2016) .............................................4

*Kelly v. L.L. Cool J.*,
145 F.R.D. 32 (S.D.N.Y. 1992), *aff'd sub nom,* 23 F.3d 398 (2d Cir. 1994)............................8

*Michael Grecco Prods. Inc. v. Valuewalk, LLC*,
345 F. Supp. 3d 482 (S.D.N.Y. 2018)..................................................................................7

*Michael Grecco Prods., Inc. v. Ziff Davis, LLC*,
No. 19-cv-56465, 2020 WL 6948338 (9th Cir. Nov. 25, 2020) ......................................4, 7

*Michael Grecco Prods., Inc. v. Ziff Davis, LLC*,
No. 19-cv-4776, 2019 WL 9467923 (C.D. Cal. November 18, 2019) .................................5

*Minden Pictures, Inc. v. BuzzFeed, Inc.*,
  390 F.Supp.3d 461 (S.D.N.Y. 2019)...................................................................3, 4

*Minden Pictures, Inc. v. Complex Media, Inc.*,
  No. 22-cv-04069 (RA), 2023 WL 2648027 (S.D.N.Y. March 27, 2023).........................3, 5, 6

*Minden Pictures, Inc. v. Excitant Grp., LLC*,
  No. 20-cv-8146, 2020 WL 8025311 (C.D. Cal. Dec. 14, 2020)................................4

*Nakada + Associates, Inc. v. City of El Monte*,
  16-cv-1467, 2017 WL 246997 (C.D. Cal. June 2, 2017) .......................................7

*Ortiz v. Cornetta*,
  867 F.2d 146 (2d Cir. 1989)............................................................................4

*Palmer/Kane LLC v. Benchmark Educ. Co. LLC*,
  No. 18-cv-9369, 2020 WL 85469 (S.D.N.Y. Jan. 6, 2020) ....................................3

*Perfect 10, Inc. v. Amazon.com, Inc.*,
  508 F.3d 1146 (9th Cir. 2007) .........................................................................7

*Petrella v. Metro-Goldwyn-Mayer, Inc.*
  134 S.Ct. 1962...........................................................................................7, 8

*Stone v. Williams*,
  970 F.2d 1043 (2d Cir. 1992)..........................................................................8

*Rotkiske v. Klemm*,
  140 S.Ct. 355 (2019)....................................................................................9

*U.S. v. Lindsay*,
  346 U.S. 568 ..............................................................................................9

*Wolf v. Travolta*,
  167 F. Supp. 3d 1077 (C.D. Cal. 2016) ..........................................................7, 8

**Federal Statutes**

17 U.S.C. § 505.............................................................................................10

17 U.S.C. § 1203...........................................................................................10

U.S. Copyright Act ......................................................................................5, 9

Federal Fair Debt Collection Practices Act (FDCPA)..........................................9

**Federal Rules**

Fed. R. Civ. P. 12(b) ................................................................................1, 3, 10

Fed. R. Civ. P. 12(d) ...............................................................................................................1, 10

**Other Authorities**

4 Nimmer on Copyright § 12.01[E][1] ...........................................................................................6

**PRELIMINARY STATEMENT**

Defendant, Complex Media, Inc. ("Complex Media"), respectfully submits this memorandum of law in reply and in further support of its motion to dismiss the Second Amended Complaint ("Amended Complaint") filed by plaintiff, Minden Pictures, Inc. ("Plaintiff" or "Minden") pursuant to Fed. R. Civ. P. 12(b), or in the alternative, for summary judgment under Fed. R. Civ. P. 12(d).  This Court found this Plaintiff is a sophisticated copyright infringement litigant that knew or should have known of photographic infringements on the internet prior to 2015. This Plaintiff made the same arguments in those cases – that it was not possible for it to identify all infringements on the internet within the three-year statute of limitations. This Court disagreed, in two separate actions, holding that Minden's argument is simply not plausible. Nothing changes that result. Further, in this case, there are additional facts supporting dismissal. These facts are fatal to Plaintiff's claim:

- Courts have found that Minden is a sophisticated copyright litigant having filed more than 139 copyright infringement claims;

- Courts have held that Minden knew or should have known of infringements of photographs on the internet preceding 2015 (this alleged infringement was in 2012);

- PACER records demonstrate that Minden had inquiry notice that this photographer's (Gerry Ellis's) works were being used without authorization on the internet;

- PACER records demonstrate that Minden has been filing copyright infringement lawsuits on behalf of Mr. Ellis since at least 2012, including more than three years before filing this lawsuit;

- U.S. Copyright records demonstrate that Minden is well aware of Mr. Ellis's photography collection as it has filed copyright registrations on his behalf from at least the year 2000 through 2017, including at least eleven additional copyright registrations apart from the one at issue in this action;

- Minden  alleged that it is the exclusive licensee of Gerry Ellis's work; and,

- Minden alleged it has had knowledge of Complex Media and been monitoring this Defendant's copyright cases.

1

Plaintiff maintains the position it has argued since filing this lawsuit – it is not possible for it to find every infringement on the internet. Nowhere does the law provide that due diligence is satisfied by a whack-a-mole search of an entire photo catalog – which is how Minden describes what its search vendors do.  Plaintiff is required to demonstrate due diligence with respect to the claim in issue.  Thus, its argument – that it is unable to find this image (when it had not earmarked this image for a search, had notice Mr. Ellis's images were being used without authorization, and it targeted Complex Media as an alleged infringer) – is not plausible and demonstrates a lack of due diligence.

Plaintiff also fails to address the elephant in the room -- that it is asking the Court to hold that there is no statute of limitations for copyright claims, no requirement of due diligence, and that a plaintiff can file a copyright infringement claim whenever it wants – even if 100 years later just because the alleged infringement remains on the internet. That is not the state of the law nor the intent of the statute of limitations. Plaintiff also seeks to send questions of law to the jury. But the jury does not decide whether an article that includes an allegedly infringing photograph is a new infringement each day the article and photograph remain on the internet. The law – in this Court and throughout the nation – has already decided that issue. It is not.

Nor is a Plaintiff entitled to bring new copyright claims based on speculative arguments of infringement. To wit, Plaintiff argues in its brief that it is entitled to discovery to find out if Complex Media infringed the photograph in ways other than what it pleads, e.g., by creating derivative works of this photograph.  A copyright Plaintiff is required to plead the "what, where and when" of a copyright claim. It is not entitled to file an action for purposes of searching for some unknown infringement it speculates may have occurred. This matter is about one article published in 2012 that allegedly included a photograph by Mr. Ellis, a photographer whose works

Plaintiff manages; a photographer whose works Plaintiff was aware were being infringed on the internet; and a defendant Plaintiff has targeted as a copyright infringer. Minden is a sophisticated litigant with inquiry notice that knew or should have known of this 2012 alleged infringement between 2012 and 2015.  This claim must be dismissed now with prejudice.

Finally, if there were a viable claim, there would be no statutory damages and legal fees available to Plaintiff, also as a matter of law.  Plaintiff does not address the law. Instead, it states the infringement is occurring every day the article and photograph remain on the internet so it gets statutory damages and legal fees.  If that were true, there would be no decisions cutting off statutory damages and legal fees in discovery rule cases regarding the internet. But of course, there are.[1]

## I.   THIS PLAINTIFF IS BARRED FROM CLAIMING INFRINGEMENT HERE

Plaintiff argues that Complex Media referred to it as a "so-called seasoned litigator," but that title has been assigned to this Plaintiff by the Southern District of New York, and this Court also previously found that Minden knew or should have known of copyright infringements on the internet occurring before 2015.  *Minden Pictures, Inc. v. BuzzFeed, Inc*., 390 F.Supp.3d 461, 467 (S.D.N.Y. 2019) (barring claims predating 2015); *Minden Pictures, Inc. v. Complex Media, Inc*., No. 22-cv-04069 (RA), 2023 WL 2648027 (S.D.N.Y. March 27, 2023) (dismissing this claim).

Plaintiff argues that *Minden v. BuzzFeed*, a reported case, and *Minden v. Complex Media*, which found it implausible that this Plaintiff could not have identified this image with due diligence, are misplaced, when they are directly on point. On the other hand, the cases cited by Plaintiff are not. *See, e.g., Palmer/Kane LLC v. Benchmark Educ. Co. LLC*, No. 18-cv-9369, 2020

---

[1] Plaintiff also makes the nonsensical argument that its "allegations establish liability" and Complex Media is required to dispute substantive claims on a Fed. R. Civ. P. 12(b)(6) motion. It also re-filed the Declaration of one of its vendors without any opposition as to the relevancy or admissibility. Thus, it concedes the Declaration is irrelevant and inadmissible.

WL 85469, at *10 (S.D.N.Y. Jan. 6, 2020) (the only fact defendant presented as to "notice" was "the fact of publication"); *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, No. 13-cv-816, 2016 WL 3176620 (S.D.N.Y. June 6, 2016) (plaintiff had no reason to know defendant was selling counterfeit books); *Cooley v. Penguin Grp. (USA) Inc.*, 31 F.Supp.3d 599, 604 (S.D.N.Y. 2014) (only facts defendant presented were instances where plaintiff knew and authorized the uses); *Ortiz v. Cornetta*, 867 F.2d 146 (2d Cir. 1989) (the issue here was whether *pro se* plaintiff who alleged his constitutional rights had been violated when he was beaten while in custody and denied adequate medical care had timely filed complaint, noting that if dates were as *pro se* plaintiff stated, complaint would have been timely and *pro se* complaints are held to "less stringent standards …").

Finally, Plaintiff's references to two California cases, both of which disagreed with this District and were decided on different facts, are irrelevant and demonstrate what most intellectual property lawyers and the courts know – that New York law is sometimes different than California law.  For instance, the unreported *Minden Pictures, Inc. v. Excitant Grp., LLC*, No. 20-cv-8146, 2020 WL 8025311 (C.D. Cal. Dec. 14, 2020) -- which Plaintiff includes because there the Central District of California disagreed with the reported Southern District of New York decision in *Minden v. BuzzFeed* -- is not authoritative or persuasive. In fact, the California court recognized that its law is different from other jurisdictions, stating that "courts in [the Ninth] circuit regularly find that filing other copyright infringement lawsuits does not put a party on more notice that and infringement occurred." *Id*. at *3. Also, the facts are not apposite.  In *Excitant*, unlike here, defendant solely argued that *Minden* is a sophisticated litigant but was silent on inquiry notice.  *Id.* at *1-3. Similarly, in *Michael Grecco Prods., Inc. v. Ziff Davis, LLC*, No. 19-cv-56465, 2020 WL 6948338 (9th Cir. Nov. 25, 2020), there were no facts illustrating plaintiff's sophistication or

inquiry notice. *See id.*; *see also* underlying case at 19-cv-4776, 2019 WL 9467923 (C.D. Cal. November 18, 2019) (granting motion to dismiss because infringement was published on "massively trafficked website").

Minden does not refute that it has filed 139 copyright infringement lawsuits – and therefore, this Court is correct in finding it a seasoned litigator. And it ignores the other key facts that make this action subject to dismissal as set forth above and in Complex Media's moving papers.

## II.   CONTINUING ACTS ARE NOT DISCRETE ACTS

Minden once again argues that an alleged infringement occurring in 2012 remains an infringement each day it remains on the internet.  This is not an issue up for debate.  It has already been decided by the U.S. Supreme Court, by this Court, and by nationwide courts.

Plaintiff argues in its brief that it has suffered harms "separate and apart from" the 2012 article "in the creation of unauthorized derivative works, further distribution of the copyright work, and public display of Plaintiff's copyright work with the last three years . . ."  (Plaintiff's brief, page 10).  But one need only read paragraphs 18, 19 and 20 of the Second Amended Complaint (the only references to this issue in the now third version of the pleading), to see that *the sole alleged basis for this argument is that the photograph is still visible on the internet in the article published in 2012*. As this Court previously held, "That notion – that the continued presence of a copyrighted work on a website does not by itself give rise to a 'new wrong' under the Copyright Act – is consistent with cases in this District finding that a copyrighted work is published or distributed when it is posted on a website...Plaintiff's argument is also at odds with the text and interpretation of Title 17." *Minden v. Complex Media*, 2023 WL 2648027, at *4.

Plaintiff once again[2] relies on *APL Microscopic, LLC v. U.S.*, 144 Fed. Cl. 489 (Fed. Cl. 2019) for the unsupportable argument that a photograph in an internet article published in 2012 is a new infringing act each day it remains on the internet because  "the act of transmitting the webpage – and the work therein – to a user would infringe on this right of distribution and display." (*See* Plaintiff's brief, page 11). But *APL* applies to federal claims against the government, *and it is a case that no authority or Court has recognized*, including this one. *See, e.g.,* 4 Nimmer on Copyright § 12.01[E][1]. In fact, *APL* is an outlier that is contrary to the case law in this District and the rest of the country.

In *APL*, the Federal Claims court held that the limitations period for an infringement claim began to run when NASA uploaded the allegedly infringed photograph to its website, but that the "right of display" began every time the photograph was viewed on the website,[3] constituting a separate infringement. *Id*. Not only has no Court adopted the reasoning in *APL*, courts that squarely addressed its holding noted its flawed reasoning. *See Bell v. The Oakland Comty. Pools Project, Inc.*, No. 19-cv-01308, 2020 WL 4458890, at *5, n.3 (N.D. Cal. May 4, 2020); *Color Image Apparel, Inc. v. Jaeschke,* No. 22-cv-7187, 2022 WL 2643476, at *2 (C.D. Cal. June 7, 2022) (expressly declining to follow *APL*).[4] Plaintiff tries to distinguish *Bell*, but it cannot overcome that *Bell* thoroughly eviscerated the holding in *APL* and cited other cases (including in this District) to support its holding. *Bell* found *APL*'s decision overwhelmed by compelling contrary law, noting

---

[2] Plaintiff argued that *APL* is binding authority on the previous motion to dismiss the First Amended Complaint.  This Court (and others) disagreed. *Minden v. Complex Media*, 2023 WL 2648027, at *4 ("at least two courts explicitly rejected its reasoning") (citations omitted).

[3] Plaintiff also has not alleged that anyone other than Plaintiff has viewed the photographs on Defendant's website in the past three years nor would that affect the law on the issue of statute of limitations.

[4] Plaintiff argues that this is a fact issue for a jury. Courts, including this one, have already held that there is no violation of any of the rights afforded under copyright law each day an alleged infringement remains on the internet.  This is a decided question of law.

that *APL* relied on a case (*Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007) that

"does not mention the statute of limitations . . . or address whether a new claim accrues for each

transmission." *Bell*, at *9, fn. 3.  The Court in *Bell* found other cases that squarely addressed this

issue more compelling, including this District's decision in *Grecco*:

> The Supreme Court has cautioned that "separately accruing harm should not be
> confused with harm from past violations that are continuing." *Petrella*, 572 U.S. at
> 671 n.6. Courts following this guidance have concluded that the mere fact that a
> document remained online does not trigger the separate-accrual rule. *See, e.g., Wolf
> v. Travolta*, 167 F. Supp. 3d 1077, 1099 n.13 (C.D. Cal. 2016) ("The fact that the
> allegedly infringing document – published in 2010, outside the relevant three-year
> window – *remained* on defendant's website through 2014 does not give rise to a
> discrete claim accruing within the three-year window." (emphasis in original));
> *Nakada + Associates, Inc. v. City of El Monte*, EDCV 16-1467-GW (SPx), 2017
> WL 246997, at *3 (C.D. Cal. June 2, 2017) (finding copyright claim barred where
> defendants posted a Youtube video outside the statute of limitations and did not
> "post or utilize" plaintiff's materials within the three-year window); *Alfa Laval v.
> Flowtrend*, No. H-4-2597, 2016 WL 2625068, at *5, *6 (S.D. Tex., May 9, 2016)
> (finding copyright claim barred where "there is no evidence that Defendants
> engaged in new acts of copyright infringement after [they] originally posted the
> Copyrighted Materials on [their] website" outside the statute of limitations); *cf.
> Michael Grecco Prods. Inc. v. Valuewalk, LLC*, 345 F. Supp. 3d 482, 512 (S.D.N.Y.
> 2018) (suggesting plaintiff's copyright claim would be within the statute of
> limitations if defendants had "republish[ed]" a copyrighted image online, but not if
> it were just "continuously available for public viewing").

*Bell*, at *9, fn. 3 (finding "the reasoning in *Wolf, Nakada*, and *Alfa Laval* more persuasive").

"Courts evaluating the separate-accrual rule for online content … focused on whether the

defendant engaged in new acts of infringement, not the nature of the digital platform." *Id*. at *10.

(citations omitted).  Plaintiff seeks to have a jury explore the nature of the digital platform, e.g.,

that an article on the internet is "saved" on a server and "displayed," etc. But courts have already

held that the nature of the digital platform is not applicable.

In *Fischer v. Forrest*, No. 14-cv-1304, 2017 WL 128705, at *7, n.9 (S.D.N.Y. 2019), this

Court allowed claims to proceed but only because there was a question as to whether a discrete

new claim existed where the plaintiff alleged infringement on <u>both</u> a website and in a printed

catalog, and there is no such allegation here. *See id*. at *1. This Court acknowledged that an alleged infringing work published on a website one year and remaining on the website years later "does not give rise to a discrete claim accruing within the three-year window...." *Id*. at *7 n.9 (citing *Petrella*, *Stone v. Williams*, 970 F.2d 1043, 1050 (2d Cir. 1992) and *Wolf v. Travolta*, 167 F.Supp.3d 1077 (C.D. Cal. 2016)).

*Again, nowhere in this Second Amended Complaint is there an allegation that Defendant did anything to the article other than leave the 2012 article containing the allegedly infringing photograph on its website.*[5] The 2012 article is attached to the Amended Complaint as evidence of the alleged infringement. There is no alleged discrete infringing act after 2012 (nor does one exist).

Plaintiff suggests that Complex Media created some unknown "derivative work" using the alleged infringed photograph. But neither in its argument nor in the Second Amended Complaint does it identify that purported derivative work. Plaintiff intends that an article sitting unchanged on the internet is a "derivative" work just because it remains visible. But that is not the state of the law. If Plaintiff also intends that there is some other discrete use that is a derivative work, then it was required to have been alleged in the Second Amended Complaint, and it did not. *Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd sub nom,* 23 F.3d 398 (2d Cir. 1994) (copyright

---

[5] Plaintiff argues in footnote 3 of its brief that Complex Media's website "is constantly changing as different advertisements are imposed adjacent to, above, below, and over" the article that includes the alleged infringed photograph. Not only is that not alleged in the Second Amended Complaint, even if it had been alleged and were true, it would be irrelevant because there are no allegations that Complex Media has reposted or modified the alleged copyrighted work since its publication in 2012. *See, e.g. Alfa Laval Inc. v. Flowtrend, Inc*., No. H-4-2597, 2016 WL 2625068, at *6 (S.D. Texas May 6, 2016) (no discrete act where "there is no evidence cited by plaintiff to suggest that defendants reposted the copyrighted materials after the original posting in 2009"); *Wolf v. Travolta*, 167 F.Supp.3d 1077, fn. 13 (C.D. Cal. 2016) ("the allegedly infringing document's continued presence on defendant's website through 2014 at best constitutes 'harm from [a] past violation [] that [was] continuing' through 2014, and not a 'new wrong' that gave rise to '[s]eparately accruing harm' within the limitation period.") (citing *Petrella*, 134 S.Ct. at 1969, n.6. Also, though not required, the image is no longer on Complex Media's website.

plaintiff must allege by what acts during what time the defendant allegedly infringed the copyright); *see also Goldman v. Complex Media, Inc*., No. 19-cv-02955 (S.D.N.Y. June 3, 2019) (D.E. 15), Order of the Hon. J. Paul Oetken, U.S.D.J., dismissing complaint for failure to adequately allege "by what acts during what time the defendant infringed the copyright," which is a required element of a copyright infringement claim.

## III.    UNDER U.S. SUPREME COURT PRECEDENT, THE PLAIN MEANING OF "ACCRUE" TRIGGERS THE OCCURRENCE RULE

Plaintiff argues that there is "no legal authority" for Complex Media's argument that there is no discovery rule for copyright cases. Complex Media respectfully submits that the legal authority is the U.S. Supreme Court in *Rotkiske v. Klemm*, 140 S.Ct. 355 (2019). Complex Media will not repeat its argument raised in its moving brief and previously disagreed with by this Court. However, Plaintiff is flat-out wrong that *Rotkiske* "has no bearing on this case because the Copyright Act, in contrast to the FDCPA, does not expressly tie the limitations period to the occurrence of the infringement," but rather, ties it to "when the claim accrues." (Plaintiff's brief, p.16). That is not a viable basis for discounting *Rotkiske* because the U.S. Supreme Court has repeatedly noted that the plain meaning of "accrue" triggers the occurrence rule. *See Gabelli v. S.E.C.*, 568 U.S. 442, 448 (2013); *see U.S. v. Lindsay*, 346 U.S. 568, 569 1954); *see Fisher v. Whiton*, 317 U.S. 217, 221 (1942).

## IV.    PLAINTIFF CANNOT OBTAIN STATUTORY DAMAGES, FEES OR COSTS

Plaintiff's sole argument that it is entitled to statutory damages and attorneys' fees is its unsupported notion that each day the article with the alleged infringed photograph is visible on the internet is a discrete act of infringement. It otherwise concedes it has no such claim. Because that notion is expressly refuted by law, Plaintiff has no claim for statutory damages and attorneys' fees

even if it had a valid claim (which it does not) and under either section 505 (the alleged claim) or under section 1203 (the unalleged claim referenced as a basis for damages in the Prayer for Relief).

## <u>CONCLUSION</u>

For the foregoing reasons and those set forth in its moving brief, defendant Complex Media, Inc., respectfully asks the Court to dismiss the Second Amended Complaint with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b), or for summary judgment under Fed. R. Civ. P. 12(d), or in the alternative, for an Order that Plaintiff, if it prevailed, is not entitled to recover attorneys' fees and/or statutory damages.

Dated:  June 1, 2023

Respectfully submitted,
**RIVKIN RADLER LLP**

By:    s/ Nancy A. Del Pizzo
  Nancy A. Del Pizzo
  nancy.delpizzo@rivkin.com
  25 Main Street, Suite 501
  Court Plaza North
  Hackensack, New Jersey 07601
  (201) 287-2460 (T)
  (201) 489-0495 (F)

   - and-

  477 Madison Avenue
  New York, New York 10022
  (212) 455-9555 (T)
  (212) 687-9044 (F)

  *Attorneys for Defendant,*
  *Complex Media, Inc.*